## A93A0994. CAFFEY v. THE STATE.
(436 SE2d 102)

POPE, Chief Judge.

Defendant James Caffey was indicted on six counts of vehicular homicide in the first degree and two counts of driving under the influence of alcohol. The jury found defendant guilty of the lesser included offense of vehicular homicide in the second degree (Counts 1-6) and found defendant not guilty of driving under the influence of alcohol (Counts 7 and 8). Defendant appeals from his conviction and the denial of his motion for new trial.

On January 10, 1992 at approximately 7:40 p.m., defendant was driving west on Glenwood Road. In the area where defendant was traveling, Glenwood is a four-lane road and the two center lanes are divided by a double yellow centerline. Defendant was traveling in the left lane closest to the centerline. The victims, a man, woman and child, were standing on the centerline of Glenwood Road. Although his testimony was disputed by other witnesses, defendant testified he swerved left to avoid a car approaching to his right and struck the three victims. He stated he did not observe the victims before he swerved left. Two of the victims died at the scene of the accident. The third victim was hospitalized but later died from his injuries.

1. At the time of the traffic mishap giving rise to this case, OCGA § 40-5-55 (a) required that both a blood and urine test be adminis-

tered to any person operating a motor vehicle which is involved in a traffic mishap resulting in serious injuries or fatalities. Defendant argues the trial court committed reversible error by admitting the results of a blood test as proof of defendant's blood-alcohol level because no urine test was conducted to determine his blood-alcohol level. We do not agree. The jury specifically found defendant not guilty of driving under the influence of alcohol and rejected the State's argument that defendant committed the offenses of vehicular homicide in the first degree by driving under the influence of alcohol to the extent that it was less safe for him to drive and/or with a blood-alcohol level of 0.10. Thus, assuming the trial court's admission of this test constituted error under the facts of this case, because the jury did not find defendant guilty of any alcohol-related charge, any error stemming from admission of this test was harmless and will not authorize reversal by this court. See *McAlister v. State*, 204 Ga. App. 259 (2) (419 SE2d 64) (1992).

2. Defendant also argues there was insufficient evidence presented to authorize a reasonable finder of fact to find defendant guilty beyond a reasonable doubt of vehicular homicide in the second degree. Vehicular homicide in the second degree is defined in OCGA § 40-6-393 (b) as follows: "Any person who causes the death of another person, without an intention to do so, by violating any provision of this title . . . commits the offense of homicide by vehicle in the second degree when such violation is the cause of said death. . . ."

Defendant does not dispute that ultimately his car traveled across the centerline and traveled in the left half of Glenwood Road for a distance before striking a telephone pole.[1] He argues, however, because the evidence shows the victims were standing on the double centerlines, his automobile struck them before it crossed the centerline and there is no evidence he was violating any of the uniform rules of the road at the time he struck the victims. We do not agree. Our review of the record reveals that the State presented sufficient evidence for a rational finder of fact to find beyond a reasonable doubt defendant was violating OCGA § 40-6-40 (a) at the time he struck the victims. Furthermore, with regard to defendant's argument that an obstruction caused him to veer across the centerline, whether there

---

[1] OCGA § 40-6-40 (a) provides: "Upon all roadways of sufficient width, a vehicle shall be driven upon the right half of the roadway, except as follows: (1) When overtaking and passing another vehicle proceeding in the same direction under the rules governing such movement; (2) When an obstruction exists making it necessary to drive to the left of the center of the highway, provided that any person so doing shall yield the right of way to all vehicles traveling in the proper direction upon the unobstructed portion of the highway within such a distance as to constitute an immediate hazard; (3) Upon a roadway divided into three marked lanes for traffic under the rules applicable thereon; or (4) Upon a roadway restricted to one-way traffic." (Indentations omitted.)

was an obstruction causing defendant to drive to the left of the centerline is a question for the jury and the jury apparently did not resolve that question in defendant's favor. See *Smith v. Lott*, 246 Ga. 366 (271 SE2d 463) (1980); *Foskey v. Williams Bros. Trucking Co.*, 197 Ga. App. 715, 717 (4) (399 SE2d 484) (1990).

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 27, 1993.

*Carl A. Johnston*, for appellant.

*J. Tom Morgan, District Attorney, J. Michael McDaniel, Robert M. Coker, Assistant District Attorneys*, for appellee.