A94A0773. McKINNEY v. THE STATE.
(445 SE2d 550)

Judge Harold R. Banke.

Defendant Robert Timothy McKinney was charged with two counts of homicide by vehicle in the first degree, failing to stop at or return to the scene of an accident, reckless driving, failing to report an accident resulting in injury, death or property damage, following too closely and driving too fast for conditions. Defendant was tried before a jury. The trial court entered a directed verdict of acquittal on the first count of homicide by vehicle in the first degree and on the charge of failing to report an accident resulting in injury, death or property damage. The jury found defendant guilty of vehicular homicide in the second degree, failing to stop at or return to the scene of an accident, reckless driving and following too closely. He was acquitted of driving too fast for conditions. Defendant now appeals his convictions and the denial of his motion for new trial, raising five enumerations of error.

1. In his first enumeration of error, defendant raises the general grounds. The evidence, viewed in a light most favorable to the jury verdict, shows that in the late evening hours of October 11, 1991, at approximately 11:45 p.m., Kyran Thomaston and Mico Varnado were driving home from a football game on Highway 61 in Carroll County, Georgia. Thomaston was driving his Honda Civic and Varnado was his passenger. Suddenly, Thomaston noticed a flash of light behind him and immediately thereafter his car was hit from behind, causing the Civic to slide out of control, hit the median and flip over three times. Varnado was thrown from the vehicle and died at the scene of the accident from head injuries. Thomaston never saw the vehicle that hit him but shortly after the accident, while he was still in a dazed and disoriented state, he thought he saw a light grey or silver sports car parked in the grass alongside the road, a short distance from the accident.

Joy Giddens testified that defendant came to her apartment near midnight that same evening with "a big knot on his head." Defendant told Giddens that he had fallen asleep behind the wheel of his Honda Accord while he was traveling on Highway 61, hit something, and ran off the side of the road. Ms. Giddens noticed that the windshield of defendant's car was cracked and that the car had grass underneath the side. A few days later, defendant returned to Giddens' home and showed her a newspaper account of the accident. Defendant told her he was afraid that he might have had something to do with Varnado's death.

The State introduced photographic evidence of the two automobiles. Tom Webster, an accident reconstruction expert, testified that the physical evidence indicated that the Honda Civic had been struck in the rear by another car and that the car that hit the Civic had skidded off the road into some grass. He also explained the photographs to the jury and pointed out that because an indentation on the back bumper of the Honda Civic matched the front bumper guard of defendant's car, it was his opinion that defendant's car caused the damage to the Honda Civic. On cross-examination, however, the expert witness was unable to conclusively state that defendant's vehicle struck Thomaston's vehicle.

Defendant emphasized at trial that his vehicle was a tan or cream-colored Honda Accord hatchback, not the light grey or silver sports car initially described by Thomaston as being at the scene of the accident. Defendant also called his own expert witness who testified that in his opinion there was a lack of evidence to show that Thomaston's vehicle was ever hit by another vehicle, and there was no evidence to show that defendant's vehicle was involved in the incident.

On appeal, defendant contends that because no one ever saw de-

fendant or his vehicle at the scene of the accident and the expert testimony as to whether defendant's vehicle was involved in the accident was contradictory, the evidence was insufficient to support the jury's verdict of vehicular homicide in the second degree and accompanying traffic offenses. We disagree. Although the evidence against defendant may have been circumstantial, we find that a rational trier of fact could have found defendant guilty beyond a reasonable doubt of vehicular homicide in the second degree and of the accompanying traffic offenses. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See generally *Caffey v. State*, 210 Ga. App. 395 (2) (436 SE2d 102) (1993).

2. In his second enumeration of error, defendant argues the evidence was insufficient to prove that the victim's death was the proximate result of any acts committed by defendant. Relying on *McKinney v. State*, 204 Ga. App. 323 (419 SE2d 339) (1992), defendant argues there was no direct evidence sufficient to establish that defendant committed any traffic offense which proximately caused the death of Varnado. However, defendant's reliance on *McKinney* is misplaced. In *McKinney*, the victim was driving on the wrong side of the road when she was struck, head-on, by a truck driven by a third party. Although the defendant in that case was driving too closely *behind* the victim and may have committed traffic offenses, the evidence clearly indicated that the defendant was not the cause of the accident or the victim's death. In this case, unlike *McKinney*, there is no question that Varnado died from injuries he suffered after the Honda Civic was struck from behind by another car. Our review of the record reveals that a rational trier of fact could have concluded that defendant committed one or more traffic offenses which were the proximate cause of the accident and Varnado's death. See *Jackson v. Virginia*, supra.

3. In his third enumeration of error, defendant argues the trial court erred in allowing into evidence testimony about a conversation defendant initiated with a police officer following his arrest on the grounds that it was inadmissible character evidence.

During the trial, Sgt. James Perry of the Carrollton Police Department testified that defendant called the officer following his arrest to find out who had given his name as being involved in the incident on Highway 61. Perry testified that defendant told the officer that if he found out that Joy Giddens had turned him in, he would "f— her up." Later in the conversation, defendant denied being involved in the incident.

Defendant alleges that the statement, as admitted, only prejudiced the jury and created the impression that defendant could commit a violent crime. "The Georgia courts have said many times that relevant evidence is not subject to an objection that it might in-

flame the minds of the jury or prejudice the jury and this is true even where the offered evidence is only cumulative . . . The Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value." (Citations and punctuation omitted.) *Johnson v. State*, 170 Ga. App. 433, 436 (4) (317 SE2d 213) (1984). We find defendant's conversation with the police officer, including his attempt to find out more about the accident, his desire to find out who had called the police and implicated him, and his self-serving denial of involvement, relevant to the issues on trial. "Where evidence may incidentally put character in issue or be prejudicial it may be admitted if otherwise relevant." (Citations and punctuation omitted.) *Bogan v. State*, 206 Ga. App. 696, 697 (1) (426 SE2d 392) (1992). Accordingly, this enumeration is without merit.

4. In his fourth enumeration of error, defendant argues that the trial court's charge to the jury constituted reversible error by commenting on the guilt of the defendant.

During its charge to the jury, the trial court inadvertently stated: "[t]o this indictment the defendant has entered his pleas of guilty to all charges and this makes the issues which you have been selected, sworn and empaneled to try." However, the trial court later instructed the jury that a plea of not guilty is not to be considered as evidence and that the defendant has interposed a defense in this case of mistaken identity. Furthermore, when the trial court's mistake was brought to its attention, the jury was brought back into the courtroom and the trial court recharged the jury emphasizing that the defendant had entered a plea of *not guilty* to all charges. We find that under these circumstances, the trial court's mistake does not constitute reversible error. "A mere verbal inaccuracy in a charge resulting from a palpable slip of the tongue, which clearly could not have misled or confused the jury, is not reversible error . . . A mere slip of the tongue is considered harmless when considered in the light of the entire charge." (Citations and punctuation omitted.) *Sanders v. State*, 257 Ga. 239, 243 (6) (357 SE2d 66) (1987). See also *Rodriguez v. State*, 211 Ga. App. 256 (3) (439 SE2d 510) (1993).

5. In his fifth enumeration of error, defendant claims the trial court's charge to the jury as to the elements of the offense of vehicular homicide in the second degree was erroneous.

A portion of the trial court's initial charge to the jury on vehicular homicide in the first and second degrees was incorrect and confusing. When counsel brought this to the court's attention, the jury was called back into the courtroom, and the trial court correctly instructed them on the elements of both offenses. After the jury sent notes indicating they were still confused, the trial court again recharged the jury on the different degrees of vehicular homicide. During this second recharge, the trial court inadvertently stated that

a required element of vehicular homicide in the first degree was malice aforethought. The jury was once again brought back into the courtroom and instructed that vehicular homicide in the first degree did not require the element of malice aforethought. The trial court also repeated a portion of its instruction for vehicular homicide in the second degree. The trial court refused defendant's request to repeat the entire charge on vehicular homicide in the second degree, including the accompanying charges on proximate cause.

Defendant argues the trial court's charge to the jury on vehicular homicide in the second degree was confusing and constituted reversible error. We disagree. Although the trial court's charge to the jury contained some misstatements of law, eventually these misstatements were corrected and the jury was correctly and completely charged on the elements of both offenses. "(I)t is not necessary in considering a charge to assume a possible adverse construction, for a charge that is sufficiently clear to be understood by jurors of ordinary capacity and understanding is all that is required. All that is required is that the charge be substantially correct, not mathematically accurate. In the case sub judice, we find the charge as a whole was sufficient to [explain the elements of both degrees of vehicular homicide] to the jury." (Citations and punctuation omitted.) *Feblez v. State*, 181 Ga. App. 567, 568-569 (2) (353 SE2d 64) (1987).

We also find that the trial court did not err in refusing to repeat all of the charges on proximate cause that accompanied its initial charge. "It is well established that when the jury, after having received complete instructions on the law applicable to the case, returns to the courtroom and requests additional instruction on a particular point, the trial court may, in its discretion, either recharge the jury in full or confine the instruction to the particular point suggested by the jury's inquiry. . . . [Cit.]" *Williams v. State*, 210 Ga. App. 357, 358 (2) (436 SE2d 228) (1993). Because the errors that the trial court corrected in its final charge to the jury did not involve the earlier portion on proximate cause, we find the trial court did not abuse its discretion in refusing defendant's request.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED JUNE 8, 1994.

*Word & Flinn, Gerald P. Word, Candace E. Rader*, for appellant. *Peter J. Skandalakis, District Attorney, Jeffrey W. Hunt, Assistant District Attorney*, for appellee.