A97A1327. IN THE INTEREST OF L. P., a child.
(492 SE2d 757)

POPE, Presiding Judge.

L. P. was adjudicated delinquent after having been found to have committed two counts of vehicular homicide. OCGA § 40-6-393 (a). She appeals, challenging the sufficiency of the evidence.

On October 4, 1996, at approximately 10:30 p.m., L. P. was driving west across the St. Simons Island causeway. L. P. started to pass a Honda Civic, but the driver of the Civic, S. L., abruptly moved into her lane of traffic, cutting her off. L. P. testified that at first she was

---

[1] The State's failure to address this issue is disappointing.

angry at being cut off, but then she saw someone in the passenger's seat wave so she thought maybe she or her passengers, two other female juveniles, knew the occupants of the other car. L. P. said she changed lanes, and S. L. again abruptly changed lanes and moved in front of her. L. P. said she repeatedly changed lanes in an attempt to come alongside or "catch" S. L., but that every time she did he would change lanes and cut her off. L. P. said she never looked at her speedometer and did not know how fast she was driving.[1] L. P. testified that S. L. was always in front of her and always traveling faster than she was. Because S. L. would not let her catch up, L. P. decided that she probably did not know the occupants of the car and that S. L. might be drinking. L. P. testified she was applying her brakes and backing off when she saw S. L. abruptly turn his wheels to the left and appear to lose control of the car.

S. L., who entered guilty pleas to two counts of vehicular homicide, testified that his attention was first drawn to the car driven by L. P. when he passed it "really fast" and then it passed him really fast. S. L. testified that he and L. P. were both driving fast, changing lanes frequently and passing each other. A passenger in S. L.'s car testified that L. P. "chased" them but never passed them. Both S. L. and his passenger testified that they did not know the occupants of the other car.

According to S. L., he was looking in his rearview mirror when one of his passengers called his attention to the car in front of him. S. L. testified that because he was coming up on the car too fast, he switched lanes and his car started swerving. His car then crossed into the oncoming lane, where it hit Richard Holman's car. Holman and the rear seat passenger in S. L.'s car, who was ejected onto the highway when S. L.'s car disintegrated on impact, died at the scene of the accident. S. L. testified that he lost control of his car because he switched lanes too fast. He also testified that he had no doubt in his mind that windy conditions on the night of the accident affected his ability to control his car, and others testified about windy conditions that night.

In order to sustain the convictions for first degree vehicular homicide, the evidence must be sufficient to prove beyond a reasonable doubt that L. P. committed the offense of reckless driving, see OCGA §§ 40-6-390[2] and 40-6-393 (a), and that her reckless driving was the proximate cause of the death of the two victims. See *Johnson v. State*, 170 Ga. App. 433 (1) (317 SE2d 213) (1984). The evidence

---

[1] One witness estimated that she was going between 60 and 65 mph when L. P. passed her. S. L. testified that his speed varied between 50 and 70 mph.

[2] "Any person who drives any vehicle in reckless disregard for the safety of persons or property commits the offense of reckless driving." OCGA § 40-6-390 (a).

showed that both L. P. and S. L. were speeding and switching lanes improperly. Weather conditions were unfavorable, with several witnesses testifying that windy conditions the night of the accident made driving more difficult. And, though L. P. argues she had quit chasing S. L. at the time of the accident, her own testimony reveals that she had just started to slow down when the accident occurred. Under these circumstances, we agree with the juvenile court that both L. P. and S. L. were driving recklessly and that both L. P.'s and S. L.'s reckless driving caused the accident and resulting deaths. Cf. *McKinney v. State*, 204 Ga. App. 323 (419 SE2d 339) (1992).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED OCTOBER 10, 1997.

*Ronald E. Harrison II*, for appellant.

*Stephen D. Kelley, District Attorney, W. Franklin Aspinwall, Jr., Assistant District Attorney*, for appellee.