## A03A2508. UPSHAW v. THE STATE.
### (592 SE2d 523)

ELDRIDGE, Judge.

A Liberty County jury found Eddie L. Upshaw guilty of first degree vehicular homicide and reckless driving, which charges arose when Upshaw drove his Dodge Neon across the double yellow center-line into the eastbound lane of Highway 196 near Hinesville and struck a vehicle driven by Robin L. Mealing, resulting in Mealing's death. Upshaw appeals, claiming (1) the trial court erred in permitting testimony that a blood test conducted on Upshaw's passenger, Patrick Jones, was positive for the presence of marijuana; and (2) the evidence was insufficient to support the verdict. Finding no basis for reversal in the errors as enumerated, we affirm.

1. Upshaw first claims reversible error in the introduction of the results of a chemical test of passenger Jones' blood as positive for the presence of marijuana. At trial, Upshaw claimed the evidence was "totally irrelevant in this case." Now, before this Court, Upshaw contends the evidence was "highly prejudicial" and was introduced "to incite the jury in believing that Upshaw and the passenger were smoking marijuana at the time of the accident."

> Because this is a court for review and correction of error, we cannot consider objections to evidence different from those raised at trial.[1]

Moreover, appellant Upshaw's blood tested positive for marijuana in an amount that indicated use within 12 hours *or less* of the collision. This evidence was introduced at trial without objection. Consequently, the inference that Upshaw was smoking marijuana prior to or at the time of the collision was properly before the jury, even absent the testimony about which Upshaw now complains. "It is axiomatic that harm as well as error must be shown to authorize a reversal by this court."[2]

2. Upshaw challenges the sufficiency of the evidence supporting his convictions, claiming that "the State failed to prove that the Defendant's driving offense caused the death of Mealing." We disagree.

The State called eyewitness Glenn Michael Pollick, who testified as to several circumstances in which Upshaw drove his Neon recklessly and irresponsibly immediately prior to the collision, including

---

[1] (Citation and punctuation omitted.) *Waddell v. State*, 224 Ga. App. 172, 174 (2) (480 SE2d 224) (1996).

[2] (Punctuation and footnote omitted.) *Albarran v. State*, 249 Ga. App. 331, 334 (4) (548 SE2d 440) (2001).

speeding and tailgating. Thereafter, Pollick was behind Upshaw's vehicle; he testified that two cars were traveling side by side in the two westbound lanes of Highway 196, blocking Upshaw's way. Pollick testified that the collision occurred after Upshaw decided to pass these two vehicles on a curved, double yellow-lined portion of the highway, and Upshaw's vehicle entered the eastbound lane in order to do so:

> The silver Neon continued moving left across the center line and did not attempt to cut back in, did not attempt to brake, just kept on going, kept on accelerating. And at that point, I'm in my vehicle, and I'm literally yelling to myself that I can't believe what this guy is doing. I mean, I was absolutely stunned. I have never seen such an irresponsible movement in the whole time I've been driving. . . . [T]here was a virtual explosion as there was a collision between two vehicles.

A Georgia State Patrol accident reconstruction expert testified that, based upon his examination of the scene and interviews with the witnesses, the collision occurred because "Mr. Upshaw traveled recklessly on the wrong side of the road and struck Ms. Mealing." Mealing died on the scene when, as a result of the collision, she was thrown from her Hyundai Excel as it flipped over, where after the vehicle landed on top of her.

While Upshaw argues to this Court that "No one testified that Upshaw was traveling recklessly at the time of the collision," we find this assertion to be totally unfounded. The evidence before us is sufficient for any rational trier of fact to have found Upshaw guilty beyond a reasonable doubt of first degree vehicular homicide and reckless driving.[3]

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED DECEMBER 19, 2003.

*Merritt & Grinstead, Chestley N. Merritt*, for appellant.
*J. Thomas Durden, Jr., District Attorney, Lewis M. Groover, Jr., Assistant District Attorney*, for appellee.

---

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).