## A05A0377. PONDER v. THE STATE.
### (616 SE2d 857)

BERNES, Judge.

Following a trial by jury, appellant James Allen Ponder was convicted of homicide by vehicle in the first degree,[1] reckless driving, driving under the influence, driving without insurance, and two counts of hit and run. Ponder appeals, challenging the sufficiency of the evidence as to his conviction for homicide by vehicle and driving under the influence. We find Ponder's claims of error to be without merit and affirm.

> When evaluating the sufficiency of evidence, the proper standard for review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). This Court does not reweigh evidence or resolve conflicts in testimony; instead, evidence is reviewed in a light most favorable to the verdict, with deference to the

---

[1] Ponder's homicide by vehicle conviction (OCGA § 40-6-393 (a)) was predicated on the underlying offense of fleeing and attempting to elude an officer, OCGA § 40-6-395 (a). He was also indicted for homicide by vehicle for causing Sergeant Gary Scott's death through a violation of OCGA § 40-6-390, reckless driving and OCGA § 40-6-391, driving under the influence. The jury returned guilty verdicts on these two counts as well. However, these counts were merged by the trial court with the homicide by vehicle based on the fleeing or attempting to elude an officer.

jury's assessment of the weight and credibility of the evidence. [Cits.]

*Mickens v. State,* 277 Ga. 627, 627-628 (593 SE2d 350) (2004).

So viewed, the evidence shows that on February 12, 2000, at approximately 11:30 p.m., Sylvania Police Department Sergeant Gary Scott observed Ponder traveling on Clark Circle in a vehicle with its lights out. Sgt. Scott activated his blue lights, began pursuing Ponder and radioed that "they were running from him." During the course of the pursuit, Ponder sideswiped a vehicle as he ran through a stop sign.

Midville Police Officer George Mixon heard Sgt. Scott over the radio and proceeded north on Highway 301 to assist him. Mixon observed Sgt. Scott shortly thereafter in the southbound lane pursuing Ponder at a rate of 80-90 miles per hour. Sgt. Scott's blue lights and siren were on and Ponder's headlights were off.

Apparently aware that Officer Mixon had activated his emergency equipment, Ponder drove his vehicle toward Mixon's, forcing Mixon off the road. Officer Mixon brought his vehicle back onto the highway and joined in the pursuit. Mixon testified that after closing to within 150 to 200 feet of Sgt. Scott's vehicle, Scott gradually moved his vehicle into an uphill grade passing lane of the highway as if he intended to pass Ponder. Mixon then saw Scott's vehicle turn sharply into the traffic lane coming north. Moments later, he came upon Scott's vehicle which had collided with an oncoming Buick.

Based on physical evidence at the scene the State Patrol's accident reconstruction specialist opined that Scott did a "sudden-snatch-left," a sudden evasive maneuver, to avoid a collision between his and Ponder's vehicle and while doing so, lost control of his vehicle and collided with the oncoming Buick.

Ponder continued on and sideswiped a third vehicle as it attempted to turn left onto the highway.[2] The driver of the third vehicle pursued Ponder. When Ponder suddenly applied his brakes, the third vehicle struck Ponder's vehicle, forcing Ponder off the road. The driver of the third vehicle then turned around and drove down the road where he informed police of what had transpired. In the meantime, Ponder and his passenger, Craig Dixon, exited their vehicle and fled into nearby woods.

Ponder was arrested early the next morning after police received a report of two suspicious men on foot. Ponder's blood was drawn at approximately 8:30 a.m. Scientific analysis of his blood revealed the

---

[2] The driver of the third vehicle did not see Ponder coming down the roadway because the lights on Ponder's vehicle were off.

presence of 19 nanograms of THC, a level of THC which indicated Ponder had smoked marijuana within 12 hours of the time his blood was drawn. Ponder admitted at trial that he had smoked marijuana between 9:00 and 10:00 the night of the incident. A Georgia State Crime Laboratory forensic toxicologist testified at trial that marijuana use impairs motor skills, eye-hand coordination, and judgment.

Following his arrest, Ponder initially told police that he had not been driving and instead contended that his passenger, Dixon, had been driving.[3] Ponder stated that "from sitting in the passenger seat he could see the police cruiser come on the side of the vehicle and that's when the accident occurred." He later admitted to police that he had been driving the vehicle and that he fled from Sgt. Scott because he was on parole and had no driver's license.

During his incarceration pending trial, Ponder became angry at a deputy sheriff and told the deputy: "I've killed one pig and I'll do a few more."

1. Ponder contends the evidence was insufficient to show that he caused the death of Sgt. Scott. Conviction of homicide by vehicle under OCGA § 40-6-393 requires the State to show that the defendant's conduct was the proximate cause "as well as the cause in fact, of the death." (Punctuation omitted.) *Pitts v. State*, 253 Ga. App. 373, 374 (1) (559 SE2d 106) (2002), citing *Miller v. State*, 236 Ga. App. 825, 828 (2) (513 SE2d 27) (1999).

> An injury or damage is proximately caused by an act or a failure to act whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damage and that the injury or damage was either a direct result or a reasonably probable consequence of the act.

(Citation omitted.) *Pitts v. State*, supra at 374-375 (1).

Based on the evidence at trial, the jury was authorized to conclude that while fleeing and eluding Sgt. Scott, Ponder suddenly veered his vehicle toward and into the lane of Sgt. Scott's vehicle, causing Sgt. Scott to "sudden-snatch-left," lose control of his vehicle, and collide with the oncoming Buick.[4] "The evidence was sufficient

---

[3] Dixon testified at trial that immediately prior to the collision, Ponder changed lanes to pass two cars.

[4] In light of the evidence at trial, the jury could infer that Ponder veered his vehicle to force Sgt. Scott off the road, as he did Officer Mixon, or to pass cars which were in front of him. Whatever the reason, the jury was authorized to conclude that Ponder engaged in the maneuver while fleeing and eluding Sgt. Scott. Whether the evidence presented another reasonable

for a rational trier of fact to find beyond a reasonable doubt that [Ponder's] actions of eluding an officer at high speed in a reckless manner . . . played a substantial part in bringing about [Sgt. Scott's] death and that the death was a reasonably probable consequence of [Ponder's] actions." *Pitts v. State*, supra at 375 (1).[5]

Ponder's reliance on *McKinney v. State*, 204 Ga. App. 323, 325 (1) (419 SE2d 339) (1992) is misplaced. In *McKinney*, the defendant was convicted of homicide by vehicle in the second degree with the underlying traffic offense being driving on the wrong side of the road. At the time of the fatal accident, McKinney was driving behind the victim in a separate vehicle and both cars were driving on the wrong side of the road. The victim died when a truck hit her vehicle head-on. We concluded the evidence was insufficient in *McKinney* because there was no evidence that McKinney's act of driving on the wrong side of the road caused the victim's death.

In contrast, the evidence in this case shows that the acts committed by Ponder while fleeing and eluding police caused Sgt. Scott's death. And, we do not believe, as suggested by Ponder, that the evidence warrants a finding that Scott *voluntarily* drove his vehicle into the oncoming lane of traffic. Construing the evidence in the light most favorable to the verdict, any rational trier of fact could have found Ponder guilty beyond a reasonable doubt of homicide by vehicle in the first degree. *Jackson v. Virginia*, supra; *Mickens v. State*, supra; see generally *Upshaw v. State*, 264 Ga. App. 878, 879 (2) (592 SE2d 523) (2003); *McKinney v. State*, 213 Ga. App. 498, 500 (1), (2) (445 SE2d 550) (1994); *Caffey v. State*, 210 Ga. App. 395, 396 (2) (436 SE2d 102) (1993).

2. Ponder was convicted of driving under the influence of marijuana to the extent that it was less safe for him to drive. OCGA § 40-6-391 (a) (2). Ponder argues that the State failed to meet its burden of proof as to this charge because the State's expert witness, a toxicologist, testified in general terms regarding the effects of marijuana and did not specifically testify that Ponder was a less safe driver based on his ingestion of marijuana. While it is true that the mere fact that a defendant has ingested marijuana is not sufficient to support a conviction under OCGA § 40-6-391 (a) (2), evidence of

---

theory as to how the collision occurred was a question for the jury, and we cannot say the jury's verdict was insupportable as a matter of law. *Murphy v. State*, 272 Ga. App. 287, 289 (2) (612 SE2d 104) (2005).

[5] A driver of a vehicle commits the offense of fleeing and attempting to elude an officer when he wilfully fails or refuses "to bring his or her vehicle to a stop or otherwise to flee or attempt to elude a pursuing police vehicle or police officer when given a visual or an audible signal to bring the vehicle to a stop." OCGA § 40-6-395 (a).

erratic driving coupled with evidence showing the presence of marijuana in the defendant's system is sufficient. *Gilbert v. State*, 262 Ga. 840, 840-841 (1) (426 SE2d 155) (1993).

The record in this case is replete with evidence of Ponder's erratic driving. Ponder drove his vehicle over 80 miles per hour, ran several stop signs and traffic lights, struck two vehicles and attempted to strike another. This evidence taken together with scientific evidence revealing the presence of marijuana in Ponder's system was more than sufficient to establish Ponder's guilt of driving under the influence of marijuana to the extent that he was a less safe driver. Any rational trier of fact could have found Ponder guilty beyond a reasonable doubt of driving under the influence of marijuana to the extent he was a less safe driver. *Jackson v. Virginia*, supra; *Gilbert v. State*, supra.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED JUNE 29, 2005.

*Hube & Tucker, Matthew K. Hube*, for appellant.
*Richard A. Mallard, District Attorney, Michael T. Muldrew, Assistant District Attorney*, for appellee.