S09A0224. SMITH v. THE STATE.
(681 SE2d 161)

MELTON, Justice.

Following a bench trial, Ronald Dale Smith appeals his conviction for first degree homicide by vehicle, contending that the evidence was insufficient to support the conviction and that the homicide by vehicle statute (OCGA § 40-6-393 (a)) is unconstitutional. We affirm.

1. Viewed in the light most favorable to the verdict, the evidence reveals that, on March 8, 2005, Smith, an escaped prisoner from Florida, was driving a white Dodge pick-up truck with a North Carolina tag through Carroll County. A BOLO ("be on the lookout") had been issued for the white pick-up truck, and Carroll County Sheriff's Deputy Jamie K. Godbee spotted the vehicle as Smith drove

down Highway 27 in Carroll County. Officer Godbee activated his emergency lights and pursued Smith from Carroll County into Haralson County. Smith sped through a red light at the intersection of Highway 27 and Highway 78, with Officer Godbee close behind. A car driven by Rebecca Partain was stopped at the red light at the intersection. Officer Godbee, unable to see Ms. Partain's vehicle due to his close proximity to Smith's truck, collided with Ms. Partain's vehicle, killing Ms. Partain.[1]

The evidence was sufficient to enable a rational trier of fact to find Smith guilty of first degree homicide by vehicle. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); OCGA § 40-6-393 (a) ("Any person who, without malice aforethought, causes the death of another person through the violation of subsection (a) of Code Section 40-6-163 [overtaking a school bus], Code Section 40-6-390 [reckless driving] or 40-6-391 [driving under the influence], or subsection (a) of Code Section 40-6-395 [fleeing or attempting to elude an officer] commits the offense of homicide by vehicle in the first degree"). See also *Ponder v. State*, 274 Ga. App. 93 (1) (616 SE2d 857) (2005) (evidence sufficient to sustain first degree vehicular homicide conviction where officer who was pursuing defendant was forced to suddenly swerve left during the pursuit, and died when he collided with oncoming car).

2. Smith contends that the homicide by vehicle statute is unconstitutional because its terms fail to provide sufficient notice to enable ordinary people to understand what conduct it prohibits. However, "[a] criminal statute is sufficiently definite if its terms furnish a test based on normal criteria which men of common intelligence who come in contact with the statute may use with reasonable safety in determining its command." (Citation omitted.) *Wilson v. State*, 245 Ga. 49, 53 (262 SE2d 810) (1980). Indeed, "[a]ll the Due Process Clause requires is that the law give sufficient warning that men may conduct themselves so as to avoid that which is forbidden." (Footnote omitted.) *Rose v. Locke*, 423 U. S. 48, 50 (96 SC 243, 46 LE2d 185) (1975). Here, the plain language of OCGA § 40-6-393 (a) makes clear that a person is guilty of homicide by vehicle if he or she causes the death of another, without malice aforethought, by illegally overtaking a school bus, driving recklessly, driving under the influence, or fleeing or attempting to elude an officer. There is nothing in the statute that would have prevented Smith, or any

---

[1] In an August 6, 2008 bench trial, Smith stipulated to the facts outlined above, and on that same day, Smith argued to the trial court that the homicide by vehicle statute, OCGA § 40-6-393 (a), was unconstitutional on its face and as applied. On August 13, 2008, the trial court found Smith guilty of vehicular homicide, and further specifically found that OCGA § 40-6-393 (a) was constitutional.

person of ordinary intelligence, from understanding that actions taken to elude police that result in the death of another person could lead to a prosecution and conviction for first degree homicide by vehicle. See id. Smith's argument to the contrary is without merit.

*Judgment affirmed. Carley, P. J., Benham, Thompson and Hines, JJ., concur. Hunstein, C. J., dissents.*

HUNSTEIN, Chief Justice, dissenting.

In its criminal prosecution against Ronald Dale Smith for first degree vehicular homicide, the State chose to prove his guilt beyond a reasonable doubt by presenting its evidence against him in the form of stipulated facts. Those facts reflected that Smith was an alleged escaped prisoner from Florida wanted for an alleged theft by taking in North Carolina. Officer Godbee of the Carroll County Sheriff's Department was on a look-out for a vehicle matching the description of Smith's truck when he encountered Smith. Officer Godbee activated his siren and lights and proceeded after Smith's vehicle but Smith fled the officer, heading north on Highway 27. Pertinent to this appeal, the State stipulated that:

6. Officer Godbee continued to pursue [Smith] North on Highway 27 for approximately three to four miles traveling at speeds of approximately 75 miles per hour, exceeding the 55 miles per hour posted speed; and

7. During most of his pursuit, Officer Godbee's vehicle was within a few car lengths of [Smith's] vehicle, which did not allow him a full field of vision forward; and

8. As [Smith] and Officer Godbee approached the intersection of Highway[s 27 and 78], the traffic light controlling the intersection was red for traffic traveling North on Highway 27; and

9. As [Smith] and Officer Godbee came to the intersection . . . both were traveling [approximately 75 mph] and there [were] three other vehicles, excluding [Smith's] and Officer Godbee's vehicles, at the intersection; and

10. Rebecca Partain's vehicle was in the Northbound lane of Highway 27 behind another vehicle, and stopped for the red light; and

11. As [Smith and the officer's] vehicles entered the intersection, Officer Godbee, unable to see Ms. Partain's vehicle due to his close proximity to [Smith's] vehicle, collided with Ms. Partain's vehicle; and

12. The collision of Officer Godbee's vehicle with Ms. Partain's vehicle resulted in Ms. Partain's death . . . .

In order to sustain a conviction for first degree vehicular homicide, the evidence must be sufficient to prove beyond a reasonable doubt not only that the accused committed the predicate traffic offense but also that the predicate offense was the proximate cause of the victim's death. *In the Interest of L. P.*, 228 Ga. App. 786, 787 (492 SE2d 757) (1997). The stipulated facts in this case established Smith's commission of the predicate traffic offense, i.e., OCGA § 40-6-395 (fleeing or attempting to elude a law enforcement officer). As to the proximate cause element, however, the stipulated facts support two reasonable hypotheses, one consistent with Smith's guilt but the other consistent with Smith's innocence. As to the first hypothesis, the trier of fact could find that Smith was the proximate cause of the victim's death in that his actions "played a substantial part in bringing about or actually causing the injury or damage and that the injury or damage was either a direct result or a reasonably probable consequence of the act." (Citation omitted.) *Ponder v. State*, 274 Ga. App. 93, 95 (1) (616 SE2d 857) (2005). As to the second hypothesis, the trier of fact could find, based on the stipulated facts, that Officer Godbee was the proximate cause of the victim's death. Although Smith's flight justified the officer's pursuit, the stipulated facts contain nothing to indicate that the officer was compelled to follow Smith so closely as to impair the officer's vision of other vehicles on the road. Thus, the officer could reasonably be found to be the proximate cause of the collision, either in that he could have navigated the intersection in the same manner as Smith without colliding with any other vehicles had the officer maintained a safe enough distance behind Smith's vehicle to "allow him a full field of vision forward" or in that the officer could have terminated the pursuit altogether pursuant to the "Vehicle Pursuit Policy" of the Carroll County Sheriff's Office stipulated by the State as being in effect at the time of this incident.[2]

---

[2] The parties stipulated that the Vehicle Pursuit Policy provides in relevant part that deputies may exceed the speed limit and other traffic regulations only if emergency lights and sirens are employed and the deputy "exercises due regard for the safety of all persons"; that pursuit "shall be terminated if in the Deputy's opinion, the risk of continuing outweighs the danger of permitting the suspect to escape"; and that

> [u]nder most circumstances the Deputy should voluntarily terminate a pursuit when . . .
>
> 4. Traffic volume and/or road conditions dictate that it is too hazardous for the chase to continue;
>
> 5. The conditions surrounding the pursuit are such that continuing the pursuit poses a greater safety risk for the Deputy or the public than allowing the fleeing motorist to escape.

While the issue as to what constitutes proximate cause is " 'undeniably a jury question and is always to be determined on the facts of each case upon mixed considerations of logic, common sense, justice, policy, and precedent' . . . [cit.]" *McGrath v. State*, 277 Ga. App. 825, 829 (627 SE2d 866) (2006), the manner in which the State chose to present its case to the trial court eliminated the factfinder's typical role in assessing the evidence. Moreover, because this is a criminal prosecution, not a civil suit, the burden was on the State not only to prove its own hypothesis of guilt, namely, that Smith was the proximate cause of the victim's death, but also to *disprove* the reasonable hypothesis that Officer Godbee was the proximate cause. See *Carr v. State*, 251 Ga. App. 117, 118 (1) (553 SE2d 674) (2001) (State must prove "not only that the evidence is consistent with the hypothesis of guilt, but that every other reasonable hypothesis of nonguilt is excluded").

> When the circumstantial evidence supports more than one theory, one consistent with guilt and another with inno- cence, it does not exclude every other reasonable hypothesis except guilt and is not sufficient to prove the defendant's guilt beyond a reasonable doubt. Circumstantial evidence is worth nothing in a criminal case, if the circumstances are reasonably consistent with the hypothesis of innocence, as well as the hypothesis of guilt.

(Citations and punctuation omitted.) *O'Neill v. State*, 285 Ga. 125 (674 SE2d 302) (2009). Accord *McKinney v. State*, 204 Ga. App. 323 (419 SE2d 339) (1992).

The facts as stipulated by the State positively support the reasonable hypothesis that Officer Godbee's collision with the victim was caused by the officer's improper pursuit of Smith, rather than by Smith's flight alone. This hypothesis is supported by the facts that Smith safely navigated the intersection without hitting the victim; that the officer's inability to see the victim's vehicle was specifically "due to his close proximity to [Smith's] vehicle"; and that this "close proximity" was not the result of any unexpected maneuver by Smith upon entering the intersection but rather was a deliberate decision by the officer, as disclosed by the fact that he maintained that distance during "most" of his pursuit, even though by doing so he knowingly deprived himself of a full field of vision forward.

Accordingly, because the stipulated facts failed to exclude the reasonable inference that the accident and resulting death occurred because Officer Godbee's pursuit of Smith was improperly main- tained, I would hold that the evidence was insufficient to sustain Smith's conviction for first degree homicide by vehicle and respect-

fully dissent to the majority's affirmance of the judgment and sentence entered for that offense. Accord *McKinney v. State*, supra, 204 Ga. App. at 325 (1).

DECIDED JUNE 29, 2009 —
RECONSIDERATION DENIED AUGUST 11, 2009.

*Oliver J. Browning, Jr.*, for appellant.
*Robert E. Brooks, Jr., District Attorney, Craig E. Miller, Assistant District Attorney, Thurbert E. Baker, Attorney General*, for appellee.