A10A1330. BAUTISTA v. THE STATE.
(699 SE2d 392)

ELLINGTON, Judge.

A Douglas County jury found Rigoberto Bautista guilty beyond a reasonable doubt of homicide by vehicle in the first degree, OCGA § 40-6-393 (a); reckless driving, OCGA § 40-6-390 (a); and driving without a license, OCGA § 40-5-20 (a).[1] Bautista appeals, challenging the sufficiency of the evidence and contending the trial court erred in denying his general demurrer to the counts of the indictment charging him with first degree vehicular homicide (Count 1) and reckless driving (Count 3). For the reasons explained below, we affirm.

1. Bautista contends that the evidence is insufficient to support his conviction for reckless driving. Specifically, he contends that the State based the charge of reckless driving on evidence that he committed the offenses of failure to yield the right-of-way and driving without a license and that, as a matter of law, such conduct does not amount to reckless driving absent other aggravating factors such as speeding or driving while intoxicated. Further, Bautista contends that, because the charge of homicide by vehicle in the first degree was predicated on the offense of reckless driving, the evidence also failed to support his conviction for vehicular homicide.

> On appeal from a criminal conviction, [the appellate court] view[s] the evidence in the light most favorable to the verdict and an appellant no longer enjoys the presumption of innocence. [The appellate court] determines whether the

---

[1] Bautista raises no issue on appeal concerning his conviction of several other offenses: reckless conduct, OCGA § 16-5-60 (b); failure to secure a child passenger in an appropriate safety restraint, OCGA § 40-8-76 (b); failure to wear a seat safety belt, OCGA § 40-8-76.1 (b); and making a false statement, OCGA § 16-10-20.

evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and does not weigh the evidence or determine witness credibility. Any conflicts or inconsistencies in the evidence are for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, [the appellate court] must uphold the jury's verdict.

(Citations omitted.) *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004). The standard of *Jackson v. Virginia* is met if the evidence is sufficient for any rational trier of fact to find the defendant guilty beyond a reasonable doubt of the crime charged. *Clark v. State*, 275 Ga. 220, 221 (1) (564 SE2d 191) (2002).

Viewed in the light most favorable to the verdict, the evidence shows the following. On February 10, 2007, Bautista was turning left out of the West Chase Townhomes to go west on Selman Drive in Douglasville. A stop sign required Bautista to yield the right-of-way to traffic on Selman Drive. From the stop sign, Bautista had a clear line of sight 800 to 900 feet to his left. Bautista failed to yield the right of way and pulled into the path of Allen Major, who was driving eastbound on Selman Drive at approximately 35 to 40 mph. Major's car, which left no skid marks from sudden braking, struck Bautista's vehicle nearly head-on in Major's lane of travel. Major suffered severe internal injuries and died within ten minutes of the impact. Bautista, who failed to carry a driver's license on February 10, 2007, offered evidence at trial that he had a driver's license issued by Mexico.

The offense of first degree vehicular homicide may be committed in five different ways. As it applies to this case, OCGA § 40-6-393 (a) provides that "[a]ny person who, without malice aforethought, causes the death of another person through the violation of . . . Code Section 40-6-390 [(reckless driving)] . . . commits the offense of homicide by vehicle in the first degree[.]" OCGA § 40-6-390 (a) defines reckless driving as "driv[ing] any vehicle in reckless disregard for the safety of persons or property[.]"

While cases charged as first degree vehicular homicide may often involve aggravating factors such as speeding or driving while intoxicated, as Bautista contends, the General Assembly did not choose to limit the definition of the crime in such a way. Rather, in addition to four more specific driving offenses which may serve as the predicate offense for first degree vehicular homicide,[2] the General Assembly

---

[2] The other four predicate driving offenses for the offense of first degree vehicular

opted to authorize a conviction upon proof beyond a reasonable doubt that the defendant caused the death of another person by driving in reckless disregard for the safety of persons or property. *Smith v. State*, 285 Ga. 725, 726 (2) (681 SE2d 161) (2009) ("[T]he plain language of OCGA § 40-6-393 (a) makes clear that a person is guilty of homicide by vehicle if he or she causes the death of another, without malice aforethought, by . . . driving recklessly[.]"). The offense of reckless driving may be committed in a variety of ways, and whether a defendant's manner of driving under the circumstances demonstrated a reckless disregard for the safety of others is a question that is reserved for the jury. *Lesh v. State*, 259 Ga. App. 325, 326-327 (577 SE2d 4) (2003).

In this case, the evidence authorized the jury to find that Major, while driving east on Selman Drive, had the right-of-way at the intersection with West Chase Drive, that Bautista had a clear line of sight 800 to 900 feet up Selman Drive in the direction from which Major approached, and that Bautista drove into Major's path when Major was so close to the intersection that he did not have time to apply his brakes before impact. The law does not support Bautista's argument that, as a matter of law, his conduct under these circumstances cannot amount to reckless driving. To the contrary, the evidence was sufficient for the jury to find beyond a reasonable doubt that Bautista drove his vehicle in reckless disregard for the safety of others and that he caused Major's death through such reckless driving. *Ivie v. State*, 151 Ga. App. 496, 496-497 (1) (260 SE2d 543) (1979) (evidence that the defendant drove his vehicle in reckless disregard for the safety of others by failing to yield the right-of-way to oncoming traffic was sufficient to convict the defendant of first degree vehicular homicide predicated on reckless driving). His convictions are affirmed.

2. Bautista contends the trial court erred in denying his general demurrer to the counts of the indictment charging him with first degree vehicular homicide (Count 1) and reckless driving (Count 3). In his demurrer, Bautista argued that, even if he were guilty of failing to yield the right-of-way, he still would not be guilty of reckless driving and, therefore, that "the indictment is illegal on its face."

> The true test of the sufficiency of [an] indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of

---

homicide are passing or overtaking a school bus, OCGA § 40-6-163; DUI, OCGA § 40-6-391; fleeing or attempting to elude a police officer, OCGA § 40-6-395 (a); and felony hit-and-run, OCGA § 40-6-270 (b). OCGA § 40-6-393 (a), (b).

what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction. An indictment which charges the offense in the language of the defining statute and describes the acts constituting the offense sufficiently to put the defendant on notice of the offense with which he is charged survives a general demurrer. When analyzing a general demurrer, the question is whether a defendant can admit to the conduct and still be innocent of the crime.

(Citations and punctuation omitted.) *Falagian v. State*, 300 Ga. App. 187, 192 (3) (684 SE2d 340) (2009).[3]

In this case, Count 1 charged that Bautista,

in the State of Georgia and County of Douglas, on February 10, 2007[,] without malice aforethought, did cause the death of Allen Keith Major, a human being, through a violation of OCGA § 40-6-390, Reckless Driving, in that he operated a motor vehicle at the intersection of Selman Drive and Westchase Drive, in conscious disregard for the safety of persons and property[.]

Count 3 charged that Bautista,

in the State of Georgia and County of Douglas, on February 10, 2007[,] did drive a motor vehicle . . . in a reckless manner at the intersection of Selman Drive and Westchase Drive, in conscious disregard for the safety of persons and property[.]

The indictment tracked the language of OCGA §§ 40-6-393 (a) and 40-6-390 (a) and contained other material information to sufficiently place Bautista on notice of the charges against him. Bautista could not admit the conduct alleged in the indictment and still be innocent of first degree vehicular homicide and reckless driving. See Division 1, supra; *State v. Pendergrass*, 298 Ga. App. 801, 802-803 (1) (681 SE2d 241) (2009). Consequently, the trial court did not err in denying Bautista's general demurrer to Counts 1 and 3.

---

[3] See also OCGA § 17-7-54 (a) ("Every indictment of the grand jury which states the offense in the terms and language of this Code or so plainly that the nature of the offense charged may easily be understood by the jury shall be deemed sufficiently technical and correct.").

*Judgment affirmed. Andrews, P. J., and Doyle, J., concur.*

DECIDED JULY 13, 2010.

*Leah D. Madden*, for appellant.
*David McDade, District Attorney, Ryan R. Leonard, James A. Dooley, Assistant District Attorneys*, for appellee.