## A11A1678. BENNETT v. THE STATE.
(722 SE2d 94)

SMITH, Presiding Judge.

A jury found Clint Bennett guilty of DUI less-safe and open container. Following the denial of his motion for new trial, Bennett appeals, challenging only the sufficiency of the evidence to support his DUI less-safe conviction. We find the evidence sufficient and affirm.

On appeal from a criminal conviction, this court views the evidence in the light most favorable to the verdict and the appellant no longer enjoys the presumption of innocence. *Bautista v. State*, 305 Ga. App. 210 (1) (699 SE2d 392) (2010). Rather, this court "determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." Id. at 210-211 (1).

Construed in favor of the verdict, the evidence showed that an officer stopped Bennett at a police roadblock. As the officer asked Bennett for his license and insurance, he noticed the odor of alcohol coming from inside Bennett's vehicle which he believed to be some type of gin from the distinctive smell. The officer testified that Bennett's speech was slurred, he repeated himself and "his pupils were dilated and his eyes were red, bloodshot." Bennett told the

---

officer that he had had a few drinks earlier that night. The officer had Bennett perform one field sobriety test, the horizontal gaze nystagmus test, which indicated that Bennett was under the influence. Bennett also submitted to an alcosensor test which registered positive for the presence of alcohol.

The officer testified that based on his training and experience, his observations, the result of the field sobriety test and alcosensor test, it was his opinion that Bennett was under the influence of alcohol to the extent that it was less safe for him to drive. Bennett was then placed under arrest. During an inventory of Bennett's vehicle, the officer discovered "a bottle of gin that had been opened" in the back seat.

Bennett argues that his manner of driving indicated that he was safe to drive. He contends that he drove at a safe speed and made no attempt to evade the roadblock. But

> a conviction under OCGA § 40-6-391 (a) (1) does not require proof that a person actually committed an unsafe act while driving; it only requires sufficient evidence to authorize a finding, beyond a reasonable doubt, that the defendant was operating or in actual physical control of a moving vehicle while under the influence of alcohol to the extent that it was less safe for him to drive. Circumstantial evidence may be sufficient to meet this burden of proof.

(Citations, punctuation and footnote omitted.) *Hoffman v. State*, 275 Ga. App. 356, 358 (1) (620 SE2d 598) (2005).

The evidence presented here was sufficient under the standard of *Jackson*, supra, to authorize the jury's finding that Bennett was driving under the influence of alcohol to the extent he was a less safe driver. See id.; *Gamble v. State*, 283 Ga. App. 326, 326-327 (1) (641 SE2d 556) (2007); *Tanner v. State*, 225 Ga. App. 702, 702-703 (484 SE2d 766) (1997) (police officer may give opinion testimony as to defendant's state of sobriety and whether he was under influence to extent he was less safe to drive); see also OCGA § 40-6-391 (a) (1).

*Judgment affirmed. Mikell, C. J., and Dillard, J., concur.*

DECIDED DECEMBER 29, 2011.

*Sara E. Meyers*, for appellant.
*Dennis C. Sanders, District Attorney, William P. Doupé, Kevin R. Majeska, Assistant District Attorneys*, for appellee.