A92A1934. RAPOSA v. THE STATE.
(427 SE2d 79)

POPE, Chief Judge.

On July 24, 1991, a three-count indictment was filed charging William Howard Raposa with three felonies. The first count charged him with aggravated assault with a deadly weapon against Elaine Raposa on or about April 24, 1989. The second count charged him with aggravated assault with a deadly weapon against Crystal Hughes on or about April 24, 1989. The third count charged him with making terroristic threats against Brenda Elaine Raposa on or about April 25, 1989. Defendant was found guilty of Counts 1 and 3. Defendant appeals, asserting as his· sole enumeration of error that with regard to the conviction of defendant for aggravated assault, the trial court erred by denying his motion for continuance.

Prior to trial, the defendant filed a discovery motion and requested as part of that motion "[a]ll memorandum, notes, recordings or statements reflecting the exact dates and times said offenses are alleged to have occurred and/or the person or persons supplying said information. Said times and dates are essential to prove the defense of alibi." It is undisputed that the State did not present any records to defendant that would establish a date for the crimes charged other than those contained in the indictment.

When the State called its first witness, Elaine Raposa, it became evident that the State did not intend to prove the crime giving rise to Count 1 was committed on April 24, 1989, the date contained in the indictment. As the State concedes the only evidence as to the date of the alleged aggravated assault was that it occurred on August 28, 1989. Before the exact date of the crime was established, but when it became evident that the crime charged in Count 1 was not committed on the date contained in the indictment, defendant moved for a continuance on the basis that he intended to rely upon the defense of alibi and needed time to prepare his defense. The trial court denied the motion suggesting that a continuance was not proper but that a motion for mistrial might be properly asserted later in the proceed-

ings. The defendant did not renew his motion for a continuance after the exact date of the crime giving rise to Count 1 was established.

We hold that the trial court erred in denying defendant's motion for a continuance under the facts of this case. The indictment contained "on or about language," which was sufficient to put the defendant on notice that the exact date might vary from the date contained in the indictment. However, the defendant through his discovery motion sought to establish the exact date before trial and put the State on notice that he intended to rely upon the defense of alibi. When no conflicting evidence was forthcoming showing the defendant allegedly committed the crime on another day, the defendant prepared an alibi defense for the only days for which he had notice, those dates contained in the indictment. When it became evident that the State was not seeking to prove the aggravated assault against Elaine Raposa occurred on the date contained in the indictment, the defendant moved for a continuance. "While it is true that '(w)here the date alleged in the indictment is not a material element of the offense, the (S)tate may prove the offense as of any date within the statute of limitation,' [defendant's] reliance on an alibi defense for the time alleged in the indictment entitled him to a continuance once he learned at trial that the State did not intend to prove the date alleged in the indictment. *Arnold v. State*, 167 Ga. App. 720 (1, 2) (307 SE2d 526) (1983)." *Brown v. State*, 190 Ga. App. 678, 679 (1) (379 SE2d 598) (1989).

The State argues there was no error because the defendant did not renew his motion for continuance after the exact date of the crime was established and because defendant did not present his alibi defense. We cannot agree. There was no reason for defendant to offer alibi evidence for the date stated in the indictment when the State no longer alleged that the crime with which he was charged occurred on that day. Also, it was not necessary for the defendant to wait to move for a continuance until the State established the exact date of the crime, when it became obvious the State did not seek to prove the crime occurred on the dates contained in the affidavit, the only dates for which defendant had prepared a defense. At the time defendant made his motion for continuance, it should have properly been granted. Consequently, defendant's conviction for aggravated assault is reversed.

*Judgment affirmed in part and reversed in part. Carley, P. J., and Johnson, J., concur.*

DECIDED JANUARY 14, 1993.

*Alan J. Koman*, for appellant.

*Robert E. Keller*, District Attorney, *Clifford A. Sticher*, Assistant District Attorney, for appellee.