A06A2074. BRADFORD v. THE STATE.
(640 SE2d 630)

SMITH, Presiding Judge.

Shannon Bradford pled guilty to a Gwinnett County indictment charging her with possession of methamphetamine and possession of OxyContin with intent to distribute. She now appeals the trial court's

denial of her plea of former jeopardy to bar a pending three-count Dawson County indictment. Because double jeopardy does not attach here, we affirm.

The relevant facts are as follows: Dawson County officers arrested Ben Bishop and David Gates and charged them with trafficking in methamphetamine and other crimes. Following an investigation and based on information provided by Bishop and Gates and recorded phone conversations, Dawson County officers obtained two arrest warrants for Bradford, who lived in Gwinnett County. Dawson County officers then applied for and received a search warrant from the Gwinnett County Magistrate Court for Bradford's home. When Gwinnett County officers executed the search warrant with the assistance of Dawson County officers, Bradford was not home. Officers found nearly a gram of methamphetamine, ziplock baggies, vials, accounting papers and other items in Bradford's home. When Bradford pulled into the driveway, she and her passenger Scott Lester were arrested. Officers found 90 OxyContin pills in Bradford's purse and 64.6 grams of methamphetamine on Lester's person. Bradford pled guilty to a Gwinnett County indictment charging her with possession of methamphetamine and possession of OxyContin with intent to distribute.[1] She was then sentenced to ten years probation under the First Offender Act.

Prior to her guilty plea on the Gwinnett County charges, Dawson County charged Bradford with one count each of conspiracy to traffic in amphetamine, trafficking in amphetamine, and conspiracy to traffic in methamphetamine. Bradford filed a special demurrer to the Dawson County indictment, and a plea of former jeopardy, both of which were denied by the trial court. She now appeals the denial of those motions.

1. Bradford argues that pursuant to OCGA § 16-1-8 (b) (1), the Dawson County indictment is barred because Gwinnett County could have prosecuted her for those same crimes and failed to do so. OCGA § 16-1-8 (b) (1) provides that

[a] prosecution is barred if the accused was formerly prosecuted for a different crime . . . , if such former prosecution . . . [r]esulted in either a conviction or an acquittal and the subsequent prosecution is for a crime of which the accused *could have been convicted* on the former prosecution, [or] is for a crime with which the accused *should have been charged* on the former prosecution.

---

[1] Lester was charged with trafficking in methamphetamine.

(Emphasis supplied.) The record reveals that Bradford was convicted in Gwinnett County of possession of methamphetamine, a crime different from those charged in the Dawson County indictment. The question here is therefore whether Bradford could have been convicted in Gwinnett County of the crimes charged in the Dawson County indictment, or whether Gwinnett County should have charged her with those crimes. And, as provided in OCGA § 16-1-7 (b), "[i]f the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution."

On the record before us, there is no evidence that the proper prosecuting officer in Gwinnett County knew of any crimes involving Bradford's alleged dealings in *amphetamine* as charged in Counts 1 and 2.[2]

There is some evidence, however, that Gwinnett County officers may have known of some facts concerning Count 3 (conspiring with Ben Bishop to traffic in methamphetamine). The affidavit and application prepared by Dawson County officers for the purpose of obtaining a search warrant for Bradford's Gwinnett County home recited Bradford's recorded statement that "an individual by the name of Ben Bishop was suppose[d] to leave some money at her residence and [Bradford] was wondering why Ben Bishop had not left the money." The affidavit stated further that officers were informed by a confidential informant that Bishop owed Bradford "money for illegal narcotics." But there are no details here to establish that Bradford conspired with Bishop to traffic methamphetamine. The record also contains an investigative summary made by Dawson County officers describing Bishop's involvement in more detail. But even if the affidavit in support of the search warrant or the investigative summary could be read to provide details establishing the crime of conspiracy to traffic methamphetamine, no evidence exists that such information was *known* to the *proper* Gwinnett County prosecuting officer. The proper prosecuting officer is the prosecuting officer "*actually* handling the proceedings." (Citation and punctuation omitted; emphasis in original.) *Simmons v. State*, 263 Ga. App. 220, 221 (587 SE2d 312) (2003). "[T]he language of the statute clearly means the prosecuting attorney for the state; that is, the district attorney or his authorized assistants." (Citation and punctuation omitted.) *Zater v. State*, 197 Ga. App. 648, 649 (1) (399 SE2d 222) (1990).

---

[2] Amphetamine and methamphetamine are two distinct controlled substances. See OCGA § 16-13-26 (3) (A), (B). And only methamphetamine was discovered at Bradford's home during execution of the search warrant.

Because no evidence was presented showing that the information concerning Bradford and Bishop was known to the proper prosecuting officer, and because no basis otherwise existed for a charge of conspiracy to traffic based on what officers recovered in the search of Bradford's home,[3] we cannot say that Bradford *could have been convicted* of conspiracy to traffic methamphetamine in Gwinnett County, or that Gwinnett County *should have charged* Bradford with this crime. Under these circumstances, the Dawson County indictment is not barred under OCGA §§ 16-1-8 (b) (1) and 16-1-7 (b). Compare *McCannon v. State*, 252 Ga. 515, 518 (315 SE2d 413) (1984) (second prosecution barred when both crimes known to the district attorney at time of first prosecution).

2. Bradford contends that the trial court erred in denying her special demurrer to the Dawson County indictment on the ground that Counts 1 and 3 were insufficient to put her on notice of the charges against her.[4]

"When an objection is made to the sufficiency of an indictment, the test is whether the indictment apprises the accused of the charged crime and the manner in which it was committed." (Citation omitted.) *Pasha v. State*, 273 Ga. App. 788, 790 (1) (616 SE2d 135) (2005). Count 1 of the indictment charged that Bradford "did unlawfully conspire with Ben Bishop to commit a crime, to wit: Trafficking in Amphetamine in that she did possess a mixture containing amphetamine weighing more than 28 grams and in furtherance of said conspiracy did arrange for the distribution of amphetamine to effect the object of the conspiracy." And Count 3 charged that Bradford conspired with David Gates to traffic methamphetamine in the same manner. "A person commits the offense of conspiracy to commit a crime when he together with one or more persons conspires to commit any crime and any one or more of such persons does any overt act to effect the object of the conspiracy." OCGA § 16-4-8.

Bradford contends that Counts 1 and 3 are "deficient in factual details" to advise her of the alleged acts in furtherance of the conspiracy. The indictment clearly charges, however, that in furtherance of the conspiracy, Bradford "did arrange for the distribution of" both amphetamine and methamphetamine. And we find no authority requiring the indictment to set forth the particulars of the overt act. See, e.g., *Causey v. State*, 154 Ga. App. 76, 79 (2) (267 SE2d 475) (1980) (failure to specify exact date of overt act does not render

---

[3] See OCGA § 16-13-31 (e), (f); see also OCGA § 16-13-33.

[4] Contrary to the State's assertion that this enumeration is waived because Bradford did not follow the interlocutory appeal procedure, OCGA § 5-6-34 (d) grants this court authority to review all judgments or rulings rendered in a case without regard to the appealability of that judgment or ruling.

indictment "demurrable for vagueness"). All that is required is a reference to the overt act alleged by the State. See id. The indictment therefore sufficiently apprised Bradford of the crimes charged.

*Judgment affirmed. Ruffin, C. J., and Phipps, J., concur.*

DECIDED NOVEMBER 29, 2006 —
RECONSIDERATION DENIED DECEMBER 15, 2006.

*Banks, Stubbs, Neville & Cunat, Rafe Banks III*, for appellant.
*Lee Darragh, District Attorney, Lindsay H. Burton, Assistant District Attorney*, for appellee.