S08A1470. BRADFORD v. THE STATE.
(673 SE2d 201)

MELTON, Justice.

Following a jury trial, Shannon Bradford appeals her convictions in Dawson County for conspiracy to traffic amphetamine, trafficking amphetamine, and conspiracy to traffic methamphetamine. Bradford contends that the trial court erred by: (1) denying her plea in bar based on double jeopardy; (2) finding that Georgia's conspiracy statute, OCGA § 16-4-8, is not unconstitutionally vague; (3) denying her motion for a continuance; and (4) failing to merge certain counts of the indictment. Because the trial court erred by denying Bradford's motion for a continuance, we reverse.

The record shows that, following an investigation regarding a number of drug sales, Ben Bishop and David Gates were arrested in Dawson County. Bishop and Gates, in turn, implicated Bradford as their supplier. Dawson County officers then obtained an arrest warrant for Bradford, who resided in Gwinnett County, and a search warrant for Bradford's Gwinnett County home. Working together at Bradford's home, Dawson County and Gwinnett County officers uncovered approximately one gram of methamphetamine, drug paraphernalia, and accounting papers. While the search was being executed, Bradford pulled into the driveway, and she and her passenger, Scott Lester, were placed under arrest. Bradford was carrying 90 Oxycontin pills in her purse, and Lester was carrying 64.6 grams of methamphetamine.

Thereafter, Bradford was indicted in Dawson County for conspiracy with Bishop to traffic in amphetamine, trafficking in amphetamine, and conspiracy with Gates to traffic in methamphet-

amine. Subsequently, Bradford was also indicted in Gwinnett County for possession of methamphetamine and possession of Oxycontin with intent to distribute. Bradford pled guilty to the Gwinnett County charges and was sentenced to ten years probation as a First Offender. After this plea, Bradford filed a special demurrer to the Dawson County indictment and a plea of double jeopardy. The trial court denied these motions, and, on appeal, the Court of Appeals affirmed, finding that the Dawson County prosecution was not barred by Bradford's plea in Gwinnett County. See *Bradford v. State*, 283 Ga. App. 75 (640 SE2d 630) (2006). Following this appeal, Bradford was tried and convicted in Dawson County, after raising a second double jeopardy claim which was denied by the trial court.

1. As an initial matter, Bradford contends that the trial court erred by finding that her prosecution in Dawson County was not barred by her previous guilty plea conviction in Gwinnett County.

Bradford's first double jeopardy claim was considered and rejected by our Court of Appeals, which held:

> On the record before us, there is no evidence that the proper prosecuting officer in Gwinnett County knew of any crimes involving Bradford's alleged dealings in amphetamine as charged in Counts 1 and 2 [in the Dawson County indictment]. . . . There is some evidence, however, that Gwinnett County officers may have known of some facts concerning Count 3 (conspiring with Ben Bishop to traffic in methamphetamine). . . . [However, because] no evidence was presented showing that the information concerning Bradford and Bishop was known to the proper prosecuting officer, and because no basis otherwise existed for a charge of conspiracy to traffic based on what officers recovered in the search of Bradford's home, we cannot say that Bradford could have been convicted of conspiracy to traffic methamphetamine in Gwinnett County, or that Gwinnett County should have charged Bradford with this crime. Under these circumstances, the Dawson County indictment is not barred under OCGA §§ 16-1-8 (b) (1) and 16-1-7 (b).

(Footnotes and emphasis omitted.) Id. at 77 (1). Bradford now contends that she is not bound by this former ruling with regard to her second double jeopardy claim because, following the Court of Appeals' decision, the State indicated during trial that the crimes in Gwinnett County were related to the crimes in Dawson County to the extent that the former were admissible in the trial of the latter under the aegis of res gestae. See *Brannen v. State*, 262 Ga. App. 719, 720 (586 SE2d 383) (2003) ("former judgment binds only as to the

facts in issue and events existing at the time of such judgment"). Even if we may still consider this issue, the operative facts found by the Court of Appeals regarding the knowledge of the proper prosecuting officer and the significance of the evidence found in Bradford's home have not changed. The central focus is on those facts and circumstances known to the prosecuting officer in Gwinnett County at the time that Bradford pled guilty in that county. Based on these facts, the Court of Appeals determined what crimes the Gwinnett County prosecutor could have or should have pursued against Bradford. Irrespective of the Dawson County prosecutor's arguments at a subsequent trial in that county, the knowledge of the Gwinnett County prosecutor at the appropriate time has not changed. Therefore, the Court of Appeals properly rejected Bradford's first double jeopardy claim, and the trial court did not err in rejecting Bradford's second double jeopardy claim, finding that her prosecution in Dawson County was not barred by her former guilty plea conviction in Gwinnett County. See, e.g., *Powe v. State*, 257 Ga. 563 (361 SE2d 811) (1987); *Baker v. State*, 257 Ga. 567 (361 SE2d 808) (1987).

Contrary to Bradford's contentions, *Perkinson v. State*, 273 Ga. 491 (542 SE2d 92) (2001), is not applicable here. *Perkinson* involved a crime spree in which an abduction and robbery occurred in one county and ended with a murder of an abducted victim in another county on the same day. There, we found that a prosecution for a lesser-included offense in one county after a conviction for the greater offense in a different county violated double jeopardy. See OCGA § 16-1-8 (a). That situation is wholly distinguishable from the one considered in the present matter.

2. Bradford argues that the conspiracy statute, OCGA § 16-4-8, is unconstitutionally vague because it fails to define the term "overt act." OCGA § 16-4-8 provides, in relevant part: "A person commits the offense of conspiracy to commit a crime when he together with one or more persons conspires to commit any crime and any one or more of such persons does any overt act to effect the object of the conspiracy."

The Due Process Clause of the Fourteenth Amendment to the United States Constitution "requires that a law 'give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden.'" *Baker v. State*, 280 Ga. 822, 823 (1) (633 SE2d 541) (2006). "On the other hand, when the phrase challenged as vague has a commonly understood meaning, then it is sufficiently definite to satisfy due process requirements." *Payne v. State*, 275 Ga. 181, 183 (2) (563 SE2d 844) (2002). An overt act is one commonly understood to be "open," "manifest," or "public." Black's Law Dictionary 1104 (6th ed. 1990). In addition, OCGA § 16-4-8 further

defines the overt act to which it speaks as committed "to effect the object of the conspiracy." Therefore, in its context, the statute clearly and unambiguously refers to a specific type of open or manifest act made in furtherance of a conspiracy to commit a crime. Given the clarity and specificity of this language, OCGA § 16-4-8 is not unconstitutionally vague, and Bradford was properly placed on notice in this case that her actions were illegal. See, e.g., *State v. Boyer*, 270 Ga. 701 (512 SE2d 605) (1999) (challenge to statute not involving First Amendment Freedoms considered with regard to the facts of the case under consideration).

3. Bradford contends that the trial court erred by denying her motion for a continuance. We agree.

In Count 2 of her indictment, Bradford was charged with trafficking in amphetamine on December 26, 2002. Approximately one week before trial, Bradford filed a notice of alibi with the State and planned to present evidence at trial that she was in Tennessee on the date in question. At the beginning of trial, however, the State announced that it actually intended to prove that the trafficking in amphetamine occurred within two weeks of the date in the indictment, not necessarily on that date exactly. Bradford immediately moved for a continuance, stating that she had relied on the date in the indictment for her trial preparation. The trial court denied the motion for a continuance.

> While it is true that where the date alleged in the indictment is not a material element of the offense, the State may prove the offense as of any date within the statute of limitation, [Bradford's] reliance on an alibi defense for the time alleged in the indictment entitled [her] to a continuance once [she] learned at trial that the State did not intend to prove the date alleged in the indictment.

(Citations and punctuation omitted.) *Raposa v. State*, 207 Ga. App. 106, 107 (427 SE2d 79) (1993). Therefore, Bradford's motion for a continuance should have been granted.

4. Because we have determined in Division 2 that Bradford is entitled to a new trial, we do not reach her remaining enumeration of error.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 9, 2009.

*Banks & Stubbs, Rafe Banks III*, for appellant.

*Lee Darragh, District Attorney, Theodore G. Cassert, Assistant District Attorney*, for appellee.