S08A1296. SANTOS v. THE STATE.
(668 SE2d 676)

THOMPSON, Justice.

Appellant William Santos, a convicted sexual offender, appeals from the trial court's denial of his motion to quash an indictment charging him with failure to register a new residence address as required under OCGA § 42-1-12, Georgia's sex offender registration law. He contends OCGA § 42-1-12 is unconstitutional on numerous grounds, including that the statute's registration requirements are unconstitutionally vague in their application to the homeless. After reviewing the challenged language of the statute, we agree that OCGA § 42-1-12 does not give homeless sexual offenders without a residence address fair notice of how they can comply with the statute's registration requirement, and therefore, we reverse.

1. The Due Process Clause requires that the law give a person of ordinary intelligence fair warning that specific conduct is forbidden or mandated. *United States v. Harriss,* 347 U. S. 612, 617 (74 SC 808, 98 LE 989) (1954); *Hall v. State,* 268 Ga. 89, 92 (485 SE2d 755) (1997). Vagueness may invalidate a criminal law on either of two bases: a statute may fail to provide notice sufficient to enable ordinary people to understand what conduct it prohibits or requires, or the statute may authorize and encourage arbitrary and discriminatory enforcement. *City of Chicago v. Morales,* 527 U. S. 41, 55 (119 SC 1849, 144 LE2d 67) (1999); *Roemhild v. State,* 251 Ga. 569 (2) (308 SE2d 154) (1983). Vagueness challenges to criminal statutes that do not implicate First Amendment freedoms must be examined

in the light of the facts of the case to be decided. *United States v. Mazurie*, 419 U. S. 544, 550 (95 SC 710, 42 LE2d 706) (1975); *Thelen v. State*, 272 Ga. 81 (526 SE2d 60) (2000).

OCGA § 42-1-12 requires convicted sexual offenders to register with the sheriff of the county in which they reside and to maintain with the sheriff certain required registration information, including the address of the sexual offender's residence. OCGA § 42-1-12 (a) (16); OCGA § 42-1-12 (f) (2), (3). Sexual offenders must update the required registration information within 72 hours of any change. However, if the information is the sexual offender's new residence address, the sexual offender must give the required information to the sheriff of the county with whom the sexual offender last registered within 72 hours prior to any change of residence address and to the sheriff of the county to which the sexual offender is moving within 72 hours after establishing the new residence. OCGA § 42-1-12 (f) (5). OCGA § 42-1-12 (a) (1) defines the term "address" as "the street or route address of the sexual offender's residence" and specifically states that for purposes of the Code section, "the term does not mean a post office box, and homeless does not constitute an address."

Here, it is undisputed that Santos is a sex offender required to register pursuant to OCGA § 42-1-12. In 2006 he registered with the Hall County Sheriff's Office indicating his residence address as the Good News at Noon homeless shelter in the city of Gainesville. In July 2006 he was asked to leave the shelter by shelter officials. He left the shelter on or about July 19, 2006 and was homeless until his arrest in Hall County on October 19, 2006. The parties stipulated that during the period from July 19, 2006 to his October 2006 arrest, Santos did not possess a street or route address that complied with the requirements of OCGA § 42-1-12 (a) (1). The State charged Santos with three counts of failure to register under OCGA § 42-1-12, alleging that he failed to register a new address with the Hall County Sheriff within 72 hours prior to leaving the Good News at Noon shelter for the last time. Santos filed a motion to quash the indictment, asserting inter alia, that OCGA § 42-1-12 failed to provide proper notice of what conduct is required of a homeless offender who lacks a street or route address and that this lack of direction leads to arbitrary and discriminatory enforcement.

Since this case must be decided on its facts, the question is whether the reporting requirements of OCGA § 42-1-12 provided sufficient notice to Santos of what conduct was mandated by the statute when he left his previous residence address, the Good News at Noon shelter, but possessed no new permanent or temporary residence with a street or route address. According to its plain language, OCGA § 42-1-12 mandates that offenders register a change

of residence by providing the sheriff of their county a specific street or route address. The statute, however, contains no objective standard or guidelines that would put homeless sexual offenders without a street or route address on notice of what conduct is required of them, thus leaving them to guess as to how to achieve compliance with the statute's reporting provisions. Compare California, Cal. Penal Code § 290.011 (a) and (d) (transient offenders must register every 30 days and report all "places where he or she sleeps, eats, works, frequents, and engages in leisure activities"); Illinois, § 730 ILCS 150/6 (offender who lacks fixed residence must report weekly, in person, to law enforcement agency where offender is located); Kentucky, KRS § 17.500 (7) (defining residence as "any place where a person sleeps"); Minnesota, Minn. Stat. § 243.166, Subd. 3a (offenders without primary residence must register within 24 hours after leaving former primary residence and must report by describing "the location of where the person is staying"); and Washington, Wash. Rev. Code 9A.44.130 (3) (b) (requiring homeless offender who lacks fixed residence to register place where offender plans to stay). In the absence of any language in the statute providing direction or a standard of conduct applicable to offenders who do not possess a street or route address, we conclude that OCGA § 42-1-12 does not provide fair warning to persons of ordinary intelligence as to what is required to comply with the statute, and therefore, the registration requirement as applied to Santos is unconstitutionally vague. See *Thelen,* supra, 272 Ga. at 82; *Hall,* supra, 268 Ga. at 92.

The State argues that OCGA § 42-1-12 should be interpreted to allow homeless offenders with no street or route address to register an "address" by providing the geographic location at which they may be located or a more general description of their temporary residence. Such an argument would be more compelling had the Georgia legislature not defined the term "address" to require offenders to specifically report a "street or route address" and further emphasizing that "homeless does not constitute an address."[1] Moreover, even if we were to adopt the State's interpretation of OCGA § 42-1-12, the statute still would be unconstitutionally vague because it fails to provide clear guidelines to authorities charged with its enforcement regarding what specific information the offender is required to report. "The penalties of the law cannot rest upon subjective guidelines. [Cit.] The language of a criminal ordinance

---

[1] In seeming recognition that some sexual offenders may not possess an "address," the legislature provided specific guidelines to be followed in the event a sexual offender resides in a motor vehicle, trailer, mobile home or vessel. OCGA § 42-1-12 (a) (16). The statute contains no similar guidelines informing offenders how to comply with the reporting requirements if they have no street or route address and do not reside in one of the enumerated objects.

cannot be so ambiguous as to allow the determination of whether a law has been broken to depend upon the subjective opinions of complaining citizens and police officials. [Cits.]" (Punctuation omitted.) *Thelen,* supra, 272 Ga. at 83.

Accordingly, we find the challenged registration requirement is too vague to be enforced against Santos and is, therefore, unconstitutional under the due process clauses of the Georgia and United States Constitutions. We are by no means holding that all homeless sex offenders are exempt from the statute's reporting requirements. Our decision renders unconstitutional the address registration requirement as applied to homeless sex offenders who, like Santos, possess no street or route address for their residence. It does not exempt such offenders from reporting other information required under the statute and it does not exempt homeless sex offenders who are able to provide a street or route address, such as the address of a shelter at which they are staying.

2. Our holding in the above division renders consideration of Santos' other constitutional challenges to the statute unnecessary.

*Judgment reversed. All the Justices concur, except Carley, J., who dissents.*

CARLEY, Justice, dissenting.

As I understand the majority opinion, it holds that the sex offender registration requirements of OCGA § 42-1-12 with respect to the offender's address are unconstitutionally vague as applied to homeless sex offenders who do not possess a street or route address, including those who have just lost such an address. The majority clearly does not hold that such an offender, including Santos, is exempt either from updating other required information as it changes or from renewing his registration annually pursuant to OCGA § 42-1-12 (f) (4). However, the majority opinion ignores basic principles of statutory construction when it broadly finds an "absence of any language in the statute providing direction or a standard of conduct applicable to offenders who do not possess a street or route address . . . ." (Maj. op. p. 516.) Furthermore, the majority's consideration of the constitutional issue of vagueness would be entirely unnecessary under a proper interpretation of OCGA § 42-1-12.

The majority opinion erroneously states that "OCGA § 42-1-12 mandates that offenders register a change of residence by providing the sheriff of their county a specific street or route address." (Maj. op. pp. 515-516.) To the contrary, the statute does not contain any such mandate. The only relevant mandate is found in OCGA § 42-1-12 (f) (5), which reads as follows:

Any sexual offender required to register under this Code section shall . . . [u]pdate the required registration information with the sheriff of the county in which the sexual offender resides within 72 hours of any change to the required registration information, other than residence address; if the information is the sexual offender's new residence address, the sexual offender shall give the information to the sheriff of the county with whom the sexual offender last registered within 72 hours prior to any change of residence address and to the sheriff of the county to which the sexual offender is moving within 72 hours after establishing the new residence . . . .

The first part of this mandate requires the sex offender to update the "required registration information" within 72 hours of any change, "other than residence address." That single exception is then specifically explained in the latter portion of subsection (f) (5). Where, as here, a statute contains both a general provision and a specific one, the particular provision must control, and the general one must be taken to affect those situations which do not come within the particular provision. *Krieger v. Walton County Bd. of Commissioners*, 269 Ga. 678, 681 (2), fn. 16 (506 SE2d 366) (1998); *Mayor &c. of Savannah v. Savannah Elec. & Power Co.*, 205 Ga. 429, 436-437 (54 SE2d 260) (1949). Thus, the latter, more particular provision of OCGA § 42-1-12 (f) (5) applies "if the information is the sexual offender's new residence address," and all other changes to required registration information come within the first, more general provision.

At least two effects of this analysis are relevant here. In the first place, subsection (f) (5) does not provide that the sexual offender is required to possess and give a new residence address to the sheriff. Instead, provision of that information is mandated only if the change to the required registration information is a new residence address. Neither subsection (a) (1) nor (a) (16) imposes any requirement that the sexual offender possess a residence address. Subsection (a) (1) merely defines the term "address," and subsection (a) (16) (B) defines "required registration information" to include the "[a]ddress of any permanent residence and address of any current temporary residence, within the state or out of state, and, if applicable in addition to the address, a rural route address and a post office box . . . ." Indeed, other portions of subsection (a) (16) specify the information necessary with respect to certain places of residence which do not have an address. OCGA § 42-1-12 (a) (16) (C) (motor vehicle or trailer), (F) (vessel or houseboat). Accordingly, OCGA § 42-1-12 does not require the sex offender to have an address,

although he must report any address which he does possess. Because that requirement is wholly inapplicable to a sex offender without an address, it obviously is unnecessary to consider whether the statute provides him with fair notice of how to comply with that requirement. See *Twine v. State*, 910 A2d 1132, 1136, fn. 3 (Md. 2006). It is likewise unnecessary to consider whether the statute provides law enforcement authorities with clear guidelines regarding what information is required from such an offender in order to comply with the inapplicable requirement. "This Court will not decide constitutional issues if the case can be decided on other grounds. [Cit.]" *Patel v. State*, 282 Ga. 412, fn. 1 (651 SE2d 55) (2007).

A second effect of the correct construction of OCGA § 42-1-12 (f) (5) is that, although a sex offender who loses an address without acquiring another is not required to comply with the latter, specific part of that subsection, he nevertheless must comply with the more general portion. Therefore, such an offender must remove the invalid address from his registration in a timely manner, even though he is not required to obtain a new residence address. To construe OCGA § 42-1-12 (f) (5) so as to require a sex offender to update his address information only when he takes a new address would constitute sophistry and would frustrate the legislative purpose. See *State v. Ohmer*, 832 NE2d 1243, 1245-1246 (III) (Ohio App. 2005). The proper construction of the statute

> requires offenders who leave their registered address, but do not gain a new . . . residing address to nonetheless notify law enforcement of this change. Allowing sex offenders to circumvent the registration process by physically leaving one residence without technically acquiring a new residence would permit the offender to "slip through the cracks," disappear from law enforcement view and thus thwart the purpose for which this law was enacted.

*State v. Rubey*, 611 NW2d 888, 892 (II) (N.D. 2000). If Santos lost his temporary address when he was asked to leave the shelter, he was required to report that fact to the sheriff. However, the indictment does not charge him with failing to report the loss of his address. Rather, it alleges that he "did fail to give his new residence address to the sheriff . . . ." Thus, Santos cannot be convicted of failure to register as a sex offender in the absence of any proof that he possessed a new residence address at some point after leaving the shelter and prior to his arrest.

Although this case has not yet proceeded to trial, I assume, for purposes of this dissent only, that this Court is authorized to consider the stipulations of facts and circumstances which the

parties filed in the trial court. See *Hall v. State,* 268 Ga. 89 (485 SE2d 755) (1997); *State v. Brannan,* 267 Ga. 315, 317, fn. 4 (477 SE2d 575) (1996); *Schuman v. State,* 264 Ga. 526 (448 SE2d 694) (1994). In pertinent part, those stipulations show, at most, that Santos was homeless from the date he left the shelter until the date of his arrest two months later and that, at the end of that period, he did not have a street or route address. The majority makes an unsupported assumption that, during the entire two-month period, Santos "did not possess a street or route address that complied with the requirements of OCGA § 42-1-12 (a) (1)." (Maj. op. p. 515.). However, I have not located any agreement by the State that Santos had no street or route address at any point during the relevant period. The fact that Santos was homeless during that time does not constitute any proof one way or the other. A homeless person may or may not have a residence address. An "address" as defined in OCGA § 42-1-12 (a) (1) includes any permanent or temporary street or route address and, if a homeless person has such an address, he cannot merely register a post office box or "homeless" as his residence address. See also OCGA § 42-1-12 (a) (16) (B). Therefore, as the majority recognizes, OCGA § 42-1-12 "does not exempt homeless sex offenders who are able to provide a street or route address, such as the address of a shelter at which they are staying." (Maj. op. p. 517.) In the absence of a concession by the State that Santos did not possess such an address at any point during the relevant period, resolution of this case by means of a motion to quash or demurrer to the indictment clearly is premature.

The only remaining issues posed in this interlocutory appeal which are neither effectively answered nor rendered moot in this dissent relate to punishment. Even if this dissenting opinion prevailed, the prosecution would end if the State determined that it lacks evidence that Santos obtained a new residence address. Because of that real possibility, analysis of the remaining sentencing issues at this time would neither serve judicial economy nor meet the standard for consideration of interlocutory matters. Supreme Court Rule 31. In this case, those issues would be more appropriately considered on appeal from a final judgment of conviction and sentence. Accordingly, I dissent to the reversal of the trial court's denial of the "demurrer/motion to quash" filed by Santos.

I further note that the majority opinion leaves, and, to a lesser extent, even my construction of OCGA § 42-1-12 as set forth above would leave,

in place an imperfect system for keeping track of transient sex offenders. . . . [I] strongly encourage the Legislature to reexamine the [statute] and enact [more] specific registra-

tion requirements that will apply to all transient offenders. . . . A separate scheme, perhaps in a separate section or subdivision, may be advisable. Transient offenders could be required to designate locations where they can be found at certain times, or to register at specified intervals with the law enforcement agency in whichever jurisdiction they are located when the interval expires.

*People v. North*, 5 Cal. Rptr. 3d 337, 348 (3) (Cal. App. 2003). Such alternatives are found in the statutes of sister states, a few of which are listed in the majority opinion. (Maj. op. p. 516.) Of course, I must "leave the weighing of alternative solutions to the Legislature. It is uniquely within the legislative province to collect information and ideas for developing a more comprehensive registration system for transient sex offenders." *People v. North*, supra.

DECIDED OCTOBER 27, 2008.

*Adam S. Levin, H. Bradford Morris, Jr., Brett M. Willis*, for appellant.
*Lee Darragh, District Attorney, Vanessa E. Sykes, Assistant District Attorney*, for appellee.
*Gerald R. Weber, Jr., Sarah E. Geraghty, Melanie Velez, Stephen R. Scarborough, Parag Y. Shah, Lynne Y. Borsuk, Laura D. Hogue*, amici curiae.