S09A1369. DUNN v. THE STATE.
(686 SE2d 772)

HINES, Justice.

This Court granted Derrick Todd Dunn's application for a discretionary appeal from the trial court's order revoking his probation, to determine whether OCGA § 42-1-12 violates constitutional guarantees of due process and equal protection in regard to its requirement that sexual offenders register with the sheriff within 72 hours of a change of address. For the reasons that follow, we affirm.

Dunn is a convicted sexual offender,[1] required to register with the sheriff of the county in which he resides, as set forth in OCGA § 42-1-12. Prior to January 17, 2009, he resided at a certain street address, and had registered that address. On January 17, 2009, he moved temporarily into a motel, the Calhoun Lodge, and moved to a new permanent residence on January 23, 2009. Dunn went to the Gordon County Sheriff's Office on January 26, 2009, to register his new permanent address, and was arrested for failing to register the Calhoun Lodge as a residence. See OCGA § 42-1-12 (n) (1) (specifying that failure to comply with the registration requirements is a felony).

The State filed a petition to revoke Dunn's probation, alleging that he failed to register his address change when he moved into the Calhoun Lodge, and that he failed to obtain prior permission from his probation officer before an earlier move. Dunn filed a "Motion to Strike and Quash as Unconstitutional O.C.G.A. § 42-1-12 as Applied to Registered Sex Offenders Living at a Temporary Address." After a hearing, the trial court revoked Dunn's probation, rejecting his constitutional attacks on OCGA § 42-1-12.

1. Dunn asserts that OCGA § 42-1-12 violates the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that its requirements regarding notification of a change of address are vague.

> The Due Process Clause requires that the law give a person of ordinary intelligence fair warning that specific conduct is forbidden or mandated. Vagueness may invalidate a criminal law on either of two bases: a statute may fail to provide notice sufficient to enable ordinary people to understand what conduct it prohibits or requires, or the statute may authorize and encourage arbitrary and discriminatory enforcement. Vagueness challenges to criminal statutes that do not implicate First Amendment freedoms must be examined in the light of the facts of the case to be decided.

*Santos v. State*, 284 Ga. 514, 514-515 (1) (668 SE2d 676) (2008)

---

[1] Dunn was convicted of statutory rape in December 1996. OCGA § 42-1-12 (a) (20) states:

"Sexual offender" means any individual:

(A) Who has been convicted of a criminal offense against a victim who is a minor or any dangerous sexual offense; or

(B) Who has been convicted under the laws of another state or territory, under the laws of the United States, under the Uniform Code of Military Justice, or in a tribal court of a criminal offense against a victim who is a minor or a dangerous sexual offense.

240

(citations omitted).

Under OCGA § 42-1-12 (f) (5) a sexual offender is required to report to the sheriff of the county in which he resides any "change of residence address."[2] OCGA § 42-1-12 (a) (16) specifies what must be included in the "required registration information," and OCGA § 42-1-12 (a) (16) (B) contains the particular requirement that the reported information include "any current temporary residence."[3] Dunn contends that the term "temporary residence" is unconstitutionally vague, and is not defined in the statute.

OCGA § 42-1-12 is not unconstitutionally vague in failing to

[2] OCGA § 42-1-12 (f) reads:

Any sexual offender required to register under this Code section shall:

(1) Provide the required registration information to the appropriate official before being released from prison or placed on parole, supervised release, or probation;

(2) Register with the sheriff of the county in which the sexual offender resides within 72 hours after the sexual offender's release from prison or placement on parole, supervised release, probation, or entry into this state;

(3) Maintain the required registration information with the sheriff of the county in which the sexual offender resides;

(4) Renew the required registration information with the sheriff of the county in which the sexual offender resides by reporting to the sheriff within 72 hours prior to such offender's birthday each year to be photographed and fingerprinted;

(5) Update the required registration information with the sheriff of the county in which the sexual offender resides within 72 hours of any change to the required registration information, other than residence address; if the information is the sexual offender's new residence address, the sexual offender shall give the information to the sheriff of the county with whom the sexual offender last registered within 72 hours prior to any change of residence address and to the sheriff of the county to which the sexual offender is moving within 72 hours after establishing the new residence;

(6) If convicted of a dangerous sexual offense on or after July 1, 2006, pay to the sheriff of the county where the sexual offender resides an annual registration fee of $250.00 upon each anniversary of such registration; and

(7) Continue to comply with the registration requirements of this Code section for the entire life of the sexual offender, including ensuing periods of incarceration.

[3] OCGA § 42-1-12 (a) (16) reads:

"Required registration information" means:

(A) Name; social security number; age; race; sex; date of birth; height; weight; hair color; eye color; fingerprints; and photograph;

(B) Address of any permanent residence and address of any current temporary residence, within the state or out of state, and, if applicable in addition to the address, a rural route address and a post office box;

(C) If the place of residence is a motor vehicle or trailer, the vehicle identification number, the license tag number, and a description, including color scheme, of the motor vehicle or trailer;

(D) If the place of residence is a mobile home, the mobile home location permit number; the name and address of the owner of the home; a description, including the color scheme of the mobile home; and, if applicable, a description of where the mobile home is located on the property;

(E) If the place of residence is a manufactured home, the name and address of the owner of the home; a description, including the color scheme of the manufactured home; and, if applicable, a description of where the manufactured home is located on the property;

define the term "temporary residence."

> "[A] criminal statute is sufficiently definite if its terms furnish a test based on normal criteria which men of common intelligence who come in contact with the statute may use with reasonable safety in determining its command." [Cits.] Indeed, "[a]ll the Due Process Clause requires is that the law give sufficient warning that men may conduct themselves so as to avoid that which is forbidden." [Cits.]

*Smith v. State*, 285 Ga. 725, 726 (2) (681 SE2d 161) (2009). "[W]hen the phrase challenged as vague has a commonly understood meaning, then it is sufficiently definite to satisfy due process requirements." *Bradford v. State*, 285 Ga. 1, 3 (2) (673 SE2d 201) (2009) (citation and punctuation omitted).

First, under the facts of this case, it is clear that Dunn did not find the term "temporary residence" vague; in fact, he had reported changes of his address at least four times. Second, under common understanding of the term, "temporary residence" is not unconstitutionally vague. "Temporary" means "[l]asting for a time only; existing or continuing for a limited (usu. short) time; transitory." Black's Law Dictionary (7th ed. 1999). "Residence" means "[t]he place where one actually lives, as distinguished from a domicile." Black's Law Dictionary (7th ed. 1999).[4] Thus, a "temporary residence" is where one lives for a limited time, which is in keeping with the long recognized concept that a person may have more than one residence. See *Daniel v. Allstate Ins. Co.*, 290 Ga. App. 898, 902 (4) (660 SE2d 765) (2008); *Travelers Ins. Co. v. Mixon*, 118 Ga. App. 31, 33 (162 SE2d 830) (1968). The term "temporary residence" provides fair warning to persons of ordinary intelligence as to what is required

---

(F) If the place of residence is a vessel, live-aboard vessel, or houseboat, the hull identification number; the manufacturer's serial number; the name of the vessel, live-aboard vessel, or houseboat; the registration number; and a description, including color scheme, of the vessel, live-aboard vessel, or houseboat;

(G) Date of employment, place of any employment, and address of employer;

(H) Place of vocation and address of the place of vocation;

(I) Vehicle make, model, color, and license tag number;

(J) If enrolled, employed, or carrying on a vocation at an institution of higher education in this state, the name, address, and county of each institution, including each campus attended, and enrollment or employment status;

(K) E-mail addresses, usernames, and user passwords; and

(L) The name of the crime or crimes for which the sexual offender is registering and the date released from prison or placed on probation, parole, or supervised release.

[4] This is the second definition given for "residence," the first being "[t]he act or fact of living in a given place for some time." Black's Law Dictionary (7th ed. 1999).

242

to comply with the statute. See also *Waters v. State*, 248 Ga. 355, 367 (283 SE2d 238) (1981) (statute not unconstitutionally vague in failing to define the term "bodily injury").

Nor does the statute's use of the term "temporary residence" in any way "authorize and encourage arbitrary and discriminatory enforcement." *Santos*, supra. Rather, OCGA § 42-1-12 (a) (16) sets forth in considerable detail the information that must be reported by a sexual offender, and nothing in it encourages arbitrary and discriminatory enforcement.

2. Dunn also asserts that OCGA § 42-1-12, as applied to him, violates the guarantees of equal protection under the law, found in the Fourteenth Amendment to the Constitution of the United States and Article I, Section I, Paragraph II of the Georgia Constitution, in that he is treated differently than a sexual offender who comes to Georgia from another state.

> The Georgia and U. S. Constitutions require government to treat similarly situated individuals in a similar manner. The person who is asserting the equal protection claim has the burden to establish that he is similarly situated to members of the class who are treated differently from him. If the person asserting the violation cannot make the foregoing showing, there is no need to continue with an equal protection analysis.

*Rodriguez v. State*, 275 Ga. 283, 284-285 (1) (565 SE2d 458) (2002) (citations and punctuation omitted). "Criminal defendants are 'similarly situated' for purposes of equal protection 'only if they are charged with the same crime or crimes.' [Cit.]" *State v. Jackson*, 271 Ga. 5 (515 SE2d 386) (1999).

Dunn contends that, as a sexual offender residing in Georgia, he has the obligation to notify the sheriff of his resident county of any change of his residence within 72 hours, but that a sexual offender who is not a full-time resident of Georgia is provided at least 14 days before he or she must provide any residence information to the sheriff. But, his argument is based on a misreading of the statute. OCGA § 42-1-12 (e) defines the set of persons who are required to register.[5] Dunn bases his contention as to the effect of the statute on

---

[5] OCGA § 42-1-12 (e) reads:
    Registration pursuant to this Code section shall be required by any individual who:
    (1) Is convicted on or after July 1, 1996, of a criminal offense against a victim who is a minor;

OCGA § 42-1-12 (e) (7), which requires registration of any

> nonresident sexual offender who enters this state for the purpose of employment or any other reason for a period exceeding 14 consecutive days or for an aggregate period of time exceeding 30 days during any calendar year regardless of whether such sexual offender is required to register under federal law, military law, tribal law, or the laws of another state or territory[.]

Thus, under OCGA § 42-1-12 (e) (7), a nonresident sexual offender is required to register if he or she: (1) "enters this state for the purpose of employment or any other reason for a period exceeding 14 consecutive days . . ."; or, (2) "enters this state for the purpose of employment or any other reason . . . for an aggregate period of time exceeding 30 days during any calendar year . . . ." Contrary to Dunn's reading, OCGA § 42-1-12 (e) (7) does not give a nonresident sexual offender who falls under its definition license to remain in this State for 14 consecutive days without providing notification to the appropriate sheriff. Rather, it brings such a person within the ambit of OCGA § 42-1-12; the *obligations* of those who are required to register are unaffected by the specifications in OCGA § 42-1-12 (e) (7). OCGA § 42-1-12 (e) declares who shall register; OCGA § 42-1-12 (f) prescribes the obligations of those persons.[6]

---

(2) Is convicted on or after July 1, 2006, of a dangerous sexual offense;

(3) Has previously been convicted of a criminal offense against a minor and may be released from prison or placed on parole, supervised release, or probation on or after July 1, 1996;

(4) Has previously been convicted of a sexually violent offense and may be released from prison or placed on parole, supervised release, or probation;

(5) Is a resident of Georgia who intends to reside in this state and who is convicted under the laws of another state or the United States, under the Uniform Code of Military Justice, or in a tribal court of a sexually violent offense, a criminal offense against a victim who is a minor on or after July 1, 1999, or a dangerous sexual offense on or after July 1, 2006;

(6) Is a nonresident sexual offender who changes residence from another state or territory of the United States to Georgia who is required to register as a sexual offender under federal law, military law, tribal law, or the laws of another state or territory, regardless of when the conviction occurred;

(7) Is a nonresident sexual offender who enters this state for the purpose of employment or any other reason for a period exceeding 14 consecutive days or for an aggregate period of time exceeding 30 days during any calendar year regardless of whether such sexual offender is required to register under federal law, military law, tribal law, or the laws of another state or territory; or

(8) Is a nonresident sexual offender who enters this state for the purpose of attending school as a full-time or part-time student regardless of whether such sexual offender is required to register under federal law, military law, tribal law, or the laws of another state or territory.

[6] Thus, for example, under OCGA § 42-1-12 (e) (7), a sexual offender who enters this state

When OCGA § 42-1-12 (e) (7) applies to a hypothetical nonresident sexual offender, that person, like Dunn, must update his information within 72 hours of a change of address as required in OCGA § 42-1-12 (f) (5). Dunn was charged with failing to do that very thing; any nonresident sexual offender who is required to register by virtue of the specification of OCGA § 42-1-12 (e) (7) is equally subject to the requirement that he or she register a new address within 72 hours of changing that address, and equally subject to being charged with a violation.

Dunn fails to establish that he is treated differently from a similarly situated nonresident sexual offender entering this state, and thus both his constitutional challenges to OCGA § 42-1-12 have no merit.

*Judgment affirmed. All the Justices concur.*

HUNSTEIN, Chief Justice, concurring.

While I concur in the majority's holding regarding Dunn's challenge to OCGA § 42-1-12 (f) (5), I do so because I agree only that that statute, as applied to Dunn, is not unconstitutionally vague. It is well established that vagueness challenges to criminal statutes that do not implicate First Amendment freedoms must be examined in the light of the facts of the case to be decided. *Santos v. State*, 284 Ga. 514 (1) (668 SE2d 676) (2008). See also *Raber v. State*, 285 Ga. 251 (674 SE2d 884) (2009) (noting that criminal statute may also be shown to be impermissibly vague in all of its applications). As the majority correctly notes, while a person may have only one domicile, he or she may have more than one residence. Maj. Op., p. 241. The facts in this case clearly established that Dunn, after departing his prior domicile, took up temporary residency in the motel but failed to register his address change with the Gordon County Sheriff's Office within 72 hours. This conduct was constitutionally proscribed by OCGA § 42-1-12 (f) (5).

DECIDED NOVEMBER 23, 2009.

*Christopher G. Paul*, for appellant.

*T. Joseph Campbell, District Attorney, Sharon M. Fox, Assistant District Attorney*, for appellee.

---

on an employment assignment of 14 days is obligated to register, and under OCGA § 42-1-12 (f) (2), must register with the sheriff within "72 hours after . . . entry into this state."