2010 ND 139

**STATE of North Dakota, Plaintiff and Appellee**

v.

**David Lynn MEADOR, Defendant and Appellant.**

No. 20100063.

Supreme Court of North Dakota.

July 13, 2010.

888

Lee Michael Grossman, Assistant State's Attorney, Valley City, N.D., for plaintiff and appellee.

David Lynn Meador, self-represented, Bismarck, N.D., defendant and appellant.

MARING, Justice.

[¶ 1] David Meador appeals from a criminal judgment entered after a jury found him guilty of failing to comply with sexual offender registration requirements. Meador argues the sexual offender registration statute was unconstitutionally applied ex post facto and the district court erred in interpreting the registration time requirements. We affirm.

I

[¶ 2] In 1994, Meador was convicted of sex-related crimes in Kentucky. On August 9, 2008, Meador registered as a sexual offender with the Valley City Police Department and gave the address of a gas station parking lot in Valley City as his residence. At the time Meador was living in a camper attached to his vehicle. On August 14, 2008, law enforcement officers told Meador he was no longer allowed to stay in the gas station parking lot.

[¶ 3] On August 15, 2008, Meador went to a city park, but law enforcement officers told him he had to leave because camping was not allowed in the park. Meador stayed in his camper parked on a street that night. Over the next few nights Meador stayed in various locations, including in a state park on August 18 and 19, 2008. On August 20, 2008, Meador filed a change of registration information form, notifying law enforcement that he planned to move to Tower City in Cass County. On August 22, 2008, Meador registered as a sexual offender with the Cass County Sheriff's Office and gave a Tower City address as his residence.

[¶ 4] On August 20, 2008, Meador was charged with failing to comply with sexual

offender registration requirements in violation of N.D.C.C. § 12.1–32–15, a class C felony. In January 2009, Meador moved to dismiss, arguing the information lacked an essential element of the offense because the information did not allege he moved to a new address and intentionally did not register with law enforcement. The district court denied his motion. A jury trial was held in August 2009, and Meador was found guilty.

[¶ 5] In September 2009, Meador moved to dismiss, arguing N.D.C.C. § 12.1–32–15 was applied retroactively and is unconstitutional under the ex post facto clauses of the North Dakota and United States Constitutions. The court denied his motion. A criminal judgment was entered in March 2010.

## II

[¶ 6] Meador argues the sexual offender registration statute, N.D.C.C. § 12.1–32–15, violated his right to be free from ex post facto laws because it was retrospectively applied to his 1994 conviction. Meador contends the 1995 amendment to N.D.C.C. § 12.1–32–15(3), requiring individuals to register if they have a conviction after July 1985, is punitive and retroactive, and therefore the statute is an ex post facto law and violates the federal and state constitutions.

■■■ [¶ 7] Whether a statute is unconstitutional is a question of law, which is fully reviewable on appeal. *State v. Burr*, 1999 ND 143, ¶ 9, 598 N.W.2d 147. The United States and North Dakota Constitutions prohibit ex post facto laws. *See* U.S. Const. art I, § 10; N.D. Const. art. I, § 18. An ex post facto law is:

1. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2. Every law that aggravates a crime, or makes it greater than it was, when committed. 3. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4. Every law that alters the legal rules of evidence and receives less, or different, testimony, than the law required at the time of the commission of the offense, in order to convict the offender.

*Burr*, at ¶ 10 (quoting *State v. Jensen*, 333 N.W.2d 686, 693–94 (N.D.1983)). However, "[a] law imposing a collateral consequence of a conviction may be applied retroactively if the purpose is not to punish the offender but to protect some other legitimate interest." *Burr*, at ¶ 11.

■■■ [¶ 8] In *Burr*, 1999 ND 143, 598 N.W.2d 147, a majority of this Court held the sexual offender registration statute, N.D.C.C. § 12.1–32–15, does not violate the federal or state constitutional prohibition against ex post facto laws because the law is remedial and non-punitive. The Court held the registration requirement is regulatory in nature and aids law enforcement agencies by requiring sexual offenders to register with local law enforcement and notify them when they move. *Id.* at ¶ 36. A majority of the Court also held the purpose of the law is to protect a legitimate public interest, which imposes a collateral consequence upon conviction and not additional punishment. *Id.* The United States Supreme Court has held a similar sexual offender registration statute is not punitive and its retroactive application does not violate the ex post facto clause. *Smith v. Doe*, 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003).

[¶ 9] This Court has already held N.D.C.C. § 12.1–32–15 is not an ex post

facto law and does not violate federal and state constitutions. We conclude the retroactive application of N.D.C.C. § 12.1–32–15 to Meador did not violate the ex post facto clause of the United States or North Dakota Constitutions.

### III

■ [¶ 10] Meador argues the district court erred in its interpretation of the statutory time requirement for registration and improperly instructed the jury that he was guilty if he willfully failed to register within three days of changing his address. He contends N.D.C.C. § 12.1–32–15 requires a sexual offender to register a new address within three business days, which does not include weekends or holidays.

■ [¶ 11] The interpretation of a statute is a question of law, which is fully reviewable on appeal. *State v. Brown*, 2009 ND 150, ¶ 15, 771 N.W.2d 267. The standards guiding our interpretation of a statute are well-established:

> Our primary goal in statutory construction is to ascertain the intent of the legislature, and we first look to the plain language of the statute and give each word of the statute its ordinary meaning. When the wording of the statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. If, however, the statute is ambiguous or if adherence to the strict letter of the statute would lead to an absurd or ludicrous result, a court may resort to extrinsic aids, such as legislative history, to interpret the statute. A statute is ambiguous if it susceptible to meanings that are different, but rational. We presume the legislature did not intend an absurd or

ludicrous result or unjust consequences, and we construe statutes in a practical manner, giving consideration to the context of the statutes and the purpose for which they were enacted.

*Id.* (quoting *In re M.W.*, 2009 ND 55, ¶ 6, 764 N.W.2d 185).

[¶ 12] Section 12.1–32–15(7), N.D.C.C., sets out the procedure for sexual offender registration, and states:

> Registration consists of a written statement signed by the individual, giving the information required by the attorney general, and the fingerprints and photograph of the individual.... Upon a change of address, the individual required to register shall also register within three days at the law enforcement agency having local jurisdiction of the new place of residence, school, or employment.

[¶ 13] The statute requires registration in writing within three days of a change in address. Although Meador contends the statute requires registration upon a change in address within three business days, the plain language of the statute requires an individual to register in three days. Moreover, even if the statute required registration within three business days, Meador failed to comply with the registration requirements. Meador left the registered address on Thursday, August 14, 2008. He filed a change of registration information form in Valley City on Wednesday, August 20, 2008, and he registered his new address on August 22, 2008. Meador did not register his new address by the end of the business day on August 19, 2008, the third business day after he left his registered address. Meador failed to register within three days of a change in address and did not comply with the regis-

tration requirements. We conclude the district court did not err in its interpretation of the statute and it properly instructed the jury.

## IV

[¶ 14] Meador argues the district court abused its discretion by denying his motion to dismiss and his constitutional due process rights were violated because he had not moved to a new residence for three days under N.D.C.C. § 12.1–32–15 and, therefore, was not required to register. Meador contends the statute does not require a sexual offender locate a new address within three days, but requires an offender to register a new address within three days of obtaining a new residence.

[¶ 15] Meador's brief on this issue is conclusory, with little or no supportive reasoning or citations to relevant authority. We have said a party waives an issue if the party does not provide supporting argument, and an argument is without merit when a party does not provide supportive reasoning or citations to relevant authorities. *See, e.g., Riverside Park Condo. Unit Owners Ass'n v. Lucas,* 2005 ND 26, ¶ 34, 691 N.W.2d 862; *Riemers v. Grand Forks Herald,* 2004 ND 192, ¶ 11, 688 N.W.2d 167; *Olander Contracting Co. v. Gail Wachter Invs.,* 2002 ND 65, ¶ 27, 643 N.W.2d 29. Because Meador's brief is conclusory we will only briefly address this issue.

[¶ 16] Section 12.1–32–15(7), N.D.C.C., states, "[u]pon a change of address, the individual required to register shall also register within three days at the law enforcement agency having local jurisdiction of the new place of residence, school, or employment." The plain language of the statute requires an individual to register within three days of a change of address. Meador requested the jury instructions include language from *State v. Rubey,* 2000 ND 119, ¶¶ 18–19, 611 N.W.2d 888, in which a majority of this Court held the word "address" under a prior version of the statute included mailing and residential addresses, and he does not argue that a different interpretation applies under the current version of the statute. Furthermore, Meador did not argue the statute is unconstitutionally vague. *See Santos v. State,* 284 Ga. 514, 668 S.E.2d 676 (2008) (registration statute is unconstitutionally vague as to homeless offenders because it does not provide sufficient notice of how they can comply with the registration requirement). We conclude Meador's argument is without merit and the district court did not abuse its discretion by denying his motion to dismiss.

## V

[¶ 17] We affirm the criminal judgment.

[¶ 18] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM and CAROL RONNING KAPSNER, JJ., concur.