A10A1677. VOLZ v. THE STATE.
(703 SE2d 354)

ANDREWS, Presiding Judge.

Carlton Martin Volz III was indicted for the felony offense of failing to comply with requirements of OCGA § 42-1-12 relating to the state sexual offender registry. The indictment charged that, after he registered his residence address as a sexual offender with the sheriff of Lowndes County in accordance with the statute, he "fail[ed] to notify the [s]heriff of Lowndes County of his change of address within 72 hours of said change." Volz appeals from the trial court's pre-trial denial of his "Special Demurrer Motion To Quash Indictment" in which he claimed that OCGA § 42-1-12 is unconstitutionally vague as applied to the charged offense.[1] For the following reasons, we find that the trial court did not err by denying the motion.

Volz's motion sought an order quashing or dismissing the indictment prior to trial on the basis that he was homeless and had no residence address during the time the indictment alleged that he violated OCGA § 42-1-12 (f) (5) by failing to timely notify the sheriff of his "change of address." Volz claims the decision in *Santos v.*

---

[1] The motion constitutes a general demurrer since it claims that the indictment is fatally defective. *State v. Eubanks*, 239 Ga. 483, 485-486 (238 SE2d 38) (1977).

*State*, 284 Ga. 514 (668 SE2d 676) (2008), controls this issue and required that the indictment be dismissed. *Santos* addressed the provisions of OCGA § 42-1-12 (f) (5) requiring an offender to update changes in registration information, and considered the application of those provisions to an offender who registered residence address information with the local county sheriff as required, but later left that residence address and became homeless with no residence address in the same county. *Santos* noted the requirement in OCGA § 42-1-12 (f) (5) that registered sexual offenders report within 72 hours "any change" to the required registration information, and the requirement that, if the updated information is the offender's new residence address, the offender must give the information to the sheriff of the county with whom the offender last registered within 72 hours prior to any change of residence address and to the sheriff of the county to which the offender is moving within 72 hours after establishing the new residence. *Santos*, 284 Ga. at 515. *Santos* compared those requirements with the definition of "address" in OCGA § 42-1-12 (a) (1), which states that the term "means the street or route address of the sexual offender's residence," and that, "for purposes of [this] Code section, the term does not mean a post office box, and homeless does not constitute an address." (Punctuation omitted.) *Santos*, 284 Ga. at 515. *Santos* found that the statute "contains no objective standard or guidelines that would put homeless sexual offenders without a street or route address on notice of what conduct is required of them, thus leaving them to guess as to how to achieve compliance with the statute's reporting provisions," and concluded that the requirements of the statute with respect to reporting the offender's residence address were unconstitutionally vague as applied to homeless offenders without a street or route address. Id. at 516-517. Finally, *Santos* took note that the sexual offender in that case was charged with failing to comply with the reporting requirements of OCGA § 42-1-12 (f) (5) by failing to timely report "a new address" to the local sheriff, and that undisputed facts or facts stipulated by the parties established that the offender was homeless from the date that he left his registered residence address until the date he was arrested, and that, during that period, he had no street or route address that satisfied the definition of "address" as set forth in OCGA § 42-1-12 (a) (1). *Santos*, 284 Ga. at 515-516. Accordingly, *Santos* held on those facts that the trial court erred by denying the motion to quash the indictment because "the challenged registration requirement is too vague to be enforced against Santos and is, therefore, unconstitutional under the due process clauses of the Georgia and United States Constitutions." Id. at 517.

The present case is like *Santos* because it is undisputed that Volz

was a sexual offender required to register under OCGA § 42-1-12; that, after he registered a residence address with the sheriff of Lowndes County, he left that address and gave no notice to the sheriff pursuant to OCGA § 42-1-12 (f) (5) before or after he left; and that he was subsequently arrested in Lowndes County and charged with failing to timely report a "change of address." But this case is unlike and not controlled by *Santos* because there are no undisputed facts or stipulations establishing that Volz was homeless and had no street or route address during the period after he left the registered residence address until he was arrested. It follows that, at trial, the State may disprove Volz's contentions by producing evidence sufficient to prove that, unlike the sexual offender in *Santos*, Volz was not homeless and without a street or route address during the applicable time period.

> We know of no rule of law that would permit an indictment to be quashed on the ground that the state's subsequent proof might not authorize a conviction for the offense charged in the indictment. Such a rule would be incapable of application for the reason that at this stage of the proceedings — post indictment, pre-trial — no one knows what the state's proof will show.

*Foster v. State*, 239 Ga. 302, 303 (236 SE2d 644) (1977).

The trial court denied Volz's motion on the basis that, "[d]espite Defendant's assertion that he was homeless, he was not relieved of his obligation to register with the Lowndes County Sheriff's Office and notify the Sheriff that he had vacated his previously registered address." The State contends that the trial court's ruling correctly recognizes that OCGA § 42-1-12 (f) (5) provided that Volz was required to "[u]pdate the required registration information with the sheriff of the county in which the sexual offender resides within 72 hours of any change to the required registration information, other than [residence address]." The State argues that, when Volz left his registered resident address, this was a change in his required registration information (other than a new residence address) that he was required under OCGA § 42-1-12 (f) (5) to report to the sheriff within 72 hours, even if he was homeless and had no address after leaving. We do not consider this contention because the indictment does not charge Volz with failing to report the loss of a resident address. Volz was indicted for failing to timely notify the sheriff of his "change of address." It follows that Volz cannot be convicted of the charged offense in the absence of proof distinguishing his case from *Santos* by showing that he had a new residence address at some point after leaving his prior registered address. See *Santos*, 284 Ga. at

518-519 (Carley, J., dissenting). Although the trial court denied Volz's motion for the wrong reason, we affirm under the right for any reason rule. See *Fincher v. State*, 276 Ga. 480, 481 (578 SE2d 102) (2003).

*Judgment affirmed. Ellington and Doyle, JJ., concur.*

DECIDED NOVEMBER 10, 2010.

*Brittney Coons-Long*, for appellant.
*J. David Miller, District Attorney, Laura A. Wood, Assistant District Attorney*, for appellee.