S12A1562. YOUMANS v. THE STATE.
(732 SE2d 441)

THOMPSON, Presiding Justice.

Appellant Jermaal Youmans was convicted of failing to register as a sexual offender under OCGA § 42-1-12 (e) (4), and he appeals,

---

arguing that the statute is unconstitutional. For the reasons that follow, we affirm his conviction.

Appellant pled guilty in March 2004 to a charge of aggravated sexual battery in violation of OCGA § 16-6-22.2, a crime which at the time was defined under Georgia law as a "sexually violent offense." Accordingly, upon his release from a probation detention center, appellant was required as a sexual offender under OCGA § 42-1-12 to register with the sheriff of the county in which he resided. Appellant complied with the registration requirements for several years thereafter. In 2009, however, he had a dispute with an aunt with whom he was living and moved to another address without notifying the sheriff. Appellant was arrested in December 2009 and charged with failing to register his change of address. See OCGA § 42-1-12 (f) (5) (requiring sexual offenders to register change of address within 72 hours). Appellant moved to quash his indictment, arguing that OCGA § 42-1-12 (e) (4), the provision the State alleged required him to register as a sexual offender, is unconstitutionally vague. His motion was denied by the trial court, and after a bench trial, appellant was convicted.

1. OCGA § 42-1-12 (e) (4) states that registration as a sexual offender is required by any individual who previously has been convicted of a sexually violent offense or dangerous sexual offense and may be released from prison or placed on parole, supervised release, or probation on or after July 1, 1996. Appellant contends this provision is unconstitutionally vague because the sexual offender registration statute, OCGA § 42-1-12, fails to define the term "sexually violent offense" and thus fails to provide adequate notice of who is required to register as a sexual offender.

> The Due Process Clause requires that the law give a person of ordinary intelligence fair warning that specific conduct is forbidden or mandated. Vagueness may invalidate a criminal law on either of two bases: a statute may fail to provide notice sufficient to enable ordinary people to understand what conduct it prohibits or requires, or the statute may authorize and encourage arbitrary and discriminatory enforcement. Vagueness challenges to criminal statutes that do not implicate First Amendment freedoms must be examined in the light of the facts of the case to be decided.

(Citations omitted.) *Santos v. State*, 284 Ga. 514, 514-515 (1) (668 SE2d 676) (2008).

We conclude OCGA § 42-1-12 (e) (4) is not unconstitutionally vague on the asserted ground. It is clear from appellant's own

statements that he did not find the statute vague in the absence of a definition of the term "sexually violent offense." He testified at his probation revocation hearing that he knew he was convicted of a "sexually violent offense" in 2004 and was required in 2009 to inform authorities of his change of address, as he had done previously. He did not register his change of address on this occasion, he admitted, because he was busy and just "didn't go and register at the county." See *Dunn v. State*, 286 Ga. 238, 241 (686 SE2d 772) (2009) (defendant who reported change of address at least four times did not find term "temporary residence" vague despite absence of statutory definition).

Moreover, although the definition of a "sexually violent offense" present in the former version of OCGA § 42-1-12, and which specifically included the crime of aggravated sexual battery under OCGA § 16-6-22.2, was not carried forward into the amended statute, OCGA § 42-1-12 as amended similarly defines "dangerous sexual offense" with respect to convictions occurring on or before June 30, 2006 to include any criminal offense "which consists of the same or similar elements of the [offense of a]ggravated sexual battery in violation of Code Section 16-6-22.2." OCGA § 42-1-12 (a) (10) (A) (v). Thus, reading the language of OCGA § 42-1-12 (e) (4) as a whole and in the context of the entire registration statute, it is clear that individuals convicted of aggravated sexual battery prior to June 30, 2006 are required to register under the amended statute either because their conviction constituted a sexually violent offense under the former statute or because it constitutes a dangerous sexual offense as that term is defined in the current version of OCGA § 42-1-12. Given appellant's admission that he knew he was required to register as a sexual offender and the specificity of the language in the previous and amended versions of OCGA § 42-1-12, we conclude appellant was properly placed on notice in this case that he was required to register as a sexual offender. See *State v. Boyer*, 270 Ga. 701 (512 SE2d 605) (1999) (challenge to statute not involving First Amendment freedoms considered on facts of each case).

2. Inasmuch as OCGA § 42-1-12 (e) (4) and its related provisions provide fair warning as to who is required to register after having been convicted of a sexually violent offense, it does not authorize and encourage arbitrary and discriminatory enforcement. See *Santos*, supra, 284 Ga. at 514-515.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 15, 2012.

*Stuart H. Patray, Robert L. Persse*, for appellant.

*Richard A. Mallard*, District Attorney, *Keith A. McIntyre*, Assistant District Attorney, for appellee.