IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

---

**STATE OF ARIZONA,**
*Appellee,*

*v.*

**LYNN LAVERN BURBEY,**
*Appellant.*

---

No. CR-16-0390-PR
Filed October 13, 2017

---

Appeal from the Superior Court in Pima County
The Honorable Scott Rash, Judge
No. CR20144529-001
**REVERSED**

Opinion of the Court of Appeals, Division Two
240 Ariz. 496 (App. 2016)
**VACATED**

---

COUNSEL:

Mark Brnovich, Arizona Attorney General, Dominic Draye, Solicitor General, Joseph T. Maziarz, Chief Counsel, Eric Knobloch (argued), Assistant Attorney General Criminal Appeals Section, Phoenix, Attorneys for State of Arizona

Pima County Legal Defender's Office, Dean Brault, Robb P. Holmes (argued), Assistant Legal Defender, Tucson, Attorneys for Lynn Lavern Burbey

Sarah L. Mayhew (argued), Pima County Public Defender's Office, Tucson, Attorney for Amicus Curiae Pima County Public Defender's Office

JUSTICE BOLICK authored the opinion of the Court, in which CHIEF JUSTICE BALES, VICE CHIEF JUSTICE PELANDER, and JUSTICES BRUTINEL, TIMMER, and GOULD, and JUDGE McMURDIE joined.[*]

JUSTICE BOLICK, opinion of the Court:

¶1        Registered sex offenders must notify law enforcement officials of their new "residence" or address within seventy-two hours after they move and must "register as a transient not less than every ninety days" if the person "does not have an address or a permanent place of residence." A.R.S. § 13-3822(A).  Lynn Lavern Burbey was convicted of a felony for failing to satisfy the first requirement after leaving a halfway house and becoming homeless.  We overturn the conviction, holding that only the second requirement applies to transient individuals.

## I.        BACKGROUND

¶2        In April 2014, Burbey registered as a sex offender when he was released from prison to a halfway house.  A.R.S. § 13-3821(I).  In his registration, Burbey listed the address of the halfway house as his residence.  That September, he left the halfway house and became homeless, living outdoors near the Speedway/Alvernon intersection in Tucson.  He did not notify the Pima County Sheriff's Department that he left the halfway house, nor did he register as a transient.  Within the month thereafter, Burbey was arrested for failing to notify authorities within seventy-two hours that he had moved from the halfway house, in violation of § 13-3822(A), a class four felony.  At trial, the court rejected Burbey's

---

[*] Justice John R. Lopez IV has recused himself from this case.  Pursuant to article 6, section 3 of the Arizona Constitution, the Honorable Paul J. McMurdie, Judge of the Arizona Court of Appeals, Division One, was designated to sit in this matter.

proposed instruction regarding the meaning of "registration" under § 13-3822(A) and instructed the jury that the statute required notice within seventy-two hours of moving. Burbey was convicted and sentenced to seven years in prison.

¶3        The court of appeals affirmed. *State v. Burbey*, 240 Ariz. 496, 498 ¶ 1 (App. 2016). After considering the statute's language, purpose, and history, the court concluded that "§ 13-3822(A), while imposing on homeless registrants a reporting obligation not less than every ninety days so long as the person remains homeless, *also* plainly requires that all registrants, including those who become homeless, notify the sheriff, in person and in writing, within seventy-two hours of moving from a previously registered address." *Id.* at 501 ¶ 14 (emphasis in original).

¶4        We granted review to determine whether a person must register a new residence or address within seventy-two hours of becoming homeless, a recurring issue of statewide concern. We have jurisdiction under article 6, section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24.

## II.        DISCUSSION

¶5        We review trial court rulings regarding jury instructions for abuse of discretion. *State v. Garza*, 216 Ariz. 56, 66 ¶ 42 (2007). We review issues of "whether jury instructions properly state the law" and statutory interpretation de novo. *State v. Payne*, 233 Ariz. 484, 505 ¶ 68 (2013).

¶6        Section 13-3822(A) provides:

> Within seventy-two hours, excluding weekends and legal holidays, after moving from the person's residence within a county . . . , a person who is required to register under this article shall inform the sheriff in person and in writing of the person's new residence [or] address . . . . If the person moves to a location that is not a residence and the person receives mail anywhere, including a post office box, the

3

person shall notify the sheriff of the person's address. If the person has more than one residence or does not have an address or a permanent place of residence, the person shall register as a transient not less than every ninety days with the sheriff in whose jurisdiction the transient is physically present.

Two of the relevant terms are defined. "'Address' means the location at which the person receives mail." § 13-3822(D)(1). "'Residence' means the person's dwelling place, whether permanent or temporary." *Id.* § 13-3822(D)(3). "Dwelling place," "permanent," and "temporary" are undefined, so we use their ordinary meaning unless the context suggests otherwise. *See State v. Pena*, 235 Ariz. 277, 279 ¶ 6 (2014); *see also Stambaugh v. Killian*, 242 Ariz. 508, 575 ¶ 7 (2017).

¶7            To determine a statute's meaning, we look first to its text. *State v. Holle*, 240 Ariz. 300, 302 ¶ 11 (2016). When the text is clear and unambiguous, we apply the plain meaning and our inquiry ends. *See Stambaugh*, 242 Ariz. at 575 ¶ 7, 577 ¶ 17 (2017). Where the statutory language yields different reasonable meanings, we consider secondary interpretation methods, including consideration of the statute's "subject matter, its historical background, its effect and consequences, and its spirit and purpose." *State ex rel. Polk v. Campbell*, 239 Ariz. 405, 406 ¶ 5 (2016) (citation and internal quotations omitted) (quoting *Ariz. Citizens Clean Elections Comm'n v. Brain*, 234 Ariz. 322, 325 ¶ 11 (2014)).

¶8            Both parties argue that the statute's plain language supports their respective interpretations. The State argues, and the court of appeals agreed, that the first sentence plainly requires notice within seventy-two hours of "moving from the person's residence," and that when the move is to the streets, the person is also required to register every ninety days thereafter as a transient. *See Burbey*, 240 Ariz. at 501 ¶ 14. Burbey argues that a homeless person, by definition, cannot inform the sheriff of a new residence or address because he has none, hence only the transient registration requirement applies.

¶9            Either reading is plausible and § 13-3822(A)'s language is

therefore ambiguous. Curiously, either interpretation leads to anomalous results. As the court of appeals observed, Burbey's interpretation "would allow an individual who becomes homeless after residing at a registered address to essentially 'slip through the cracks' and disappear from law enforcement surveillance until that person registers as a transient, up to ninety days later." *Id.* at ¶ 13. By contrast, reading the statute to encompass reporting a homeless person's change of "residence" or "address" could trigger the same notice requirement every time the person moves from one street location to another. That would defeat the acknowledged purpose of the 2006 amendment adding the transient registration requirement: "to ease compliance for homeless persons." *Id.* at ¶ 11.

¶10 The flaw in the State and court of appeals' plain-meaning analysis is that it emphasizes the "moving" part of the seventy-two hour notice requirement but neglects the "residence" and "address" components. *See, e.g.*, *id.* at 500 ¶ 9 (the 2006 amendment "left in place the requirement that 'moving' from a registered address be reported within seventy-two hours"). If the statute simply required registration within seventy-two hours of moving from a residence, we would agree with the State. But what must be reported under the statute, in person and in writing, is "the person's new residence [or] address." § 13-3822(A). In construing a statute, we must, if possible, give effect to every word, not merely select words. *Cain v. Horne*, 220 Ariz. 77, 80 ¶ 10 (2009) ("Each word, phrase, clause, and sentence must be given meaning so that no part will be void, inert, redundant, or trivial." (quoting *City of Phoenix v. Yates*, 69 Ariz. 68, 72 (1949))).

¶11 Logically, a person either has a residence or is transient, but cannot be both. If the location where a homeless person spends the night were a residence, there would be no need for § 13-3822(A)'s second sentence. That second sentence, while not directly applicable to the circumstances here, demonstrates the legislature's recognition that some individuals will not have a residence at all: "If the person moves to a location that is not a residence and the person receives mail anywhere, including a post office box, the person shall notify the sheriff of the person's address." § 13-3822(A). Likewise, if a person has neither a residence nor an address the third sentence enters the equation: "If the person . . . does not have an address or a permanent place of residence, the person shall

register as a transient not less than every ninety days . . . ."  *Id.*

**¶12**　　　　Reading § 13-3822(A) as a whole therefore suggests that a homeless person would not have to provide the seventy-two-hour notice because no residence exists to report.  The definition of "residence" supports that reading.  Section 13-3822(D)(3) defines residence as "the person's dwelling place, whether permanent or temporary."  A dwelling is "a building or construction used for residence."  *Dwelling*, Webster's Third New International Dictionary 706 (1976); *see Dwelling*, Random House Webster's College Dictionary 407 (2000) ("a building or other place to live in"); *see also Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1214 (11th Cir. 2008) (defining "residence" under federal statute as "a temporary or permanent dwelling place, abode, or habitation to which one intends to return as distinguished from a place of temporary sojourn or transient visit").  The definition of dwelling thus encompasses both a structural aspect (a building or place of some sort to live in) and a temporal aspect (a place someone returns to).[1]  As a transient person would have neither an address nor a residence to report, it would seem implausible that the seventy-two-hour requirement to report a new address or residence would apply.  Indeed, if a cardboard box or a spot by a dumpster is a "residence" for purposes of the seventy-two-hour reporting requirement, then "moving" from it to another transient location would repeatedly trigger the reporting requirement, which would render the ninety-day transient registration requirement largely pointless.  *Ariz. Dep't of Revenue v. Action Marine, Inc.*, 218 Ariz. 141, 143 ¶ 10 (2008) (stating that courts do not interpret statutes in a way that makes provisions meaningless).

**¶13**　　　　We also read other statutory provisions *in pari materia* to determine legislative intent.  *Collins v. Stockwell*, 137 Ariz. 416, 419 (1983).  Section 13-3821(I) pertains to initial sex offender registration.  Under that statute, as in § 13-3822(A), the person is required to register an address or a permanent place of residence.  § 13-3821(I).  But if the person lacks either, "the person shall provide a description and physical location of any temporary residence and shall register as a transient not less than every

---

[1] The State argues that the statute's use of the term "dwelling place" rather than "dwelling" suggests that any place, even a street, meets the definition; but the use of the term "dwelling" unquestionably connotes a structure.

ninety days . . . ." *Id.* This language suggests that a homeless person may have a "temporary residence" that must be initially registered along with the transient status. But again, if a transient location qualifies as a residence for purposes of § 13-3822(A), as the State argues, it would trigger the registration requirement every time a person moved locations and not simply every ninety days as required at the time of initial registration. No reason appears for such disparate treatment.

¶14     The court of appeals also grounded its interpretation in the sex offender registration statute's "overriding purpose," which is "to 'facilitat[e] the location of child sex offenders by law enforcement personnel.'" *Burbey*, 240 Ariz. at 500 ¶ 10 (quoting *State v. Noble*, 171 Ariz. 171, 178 (1992)) (alteration in original). But the legislature could have concluded that making it easier for transients to register would further that overriding purpose, and the 2006 amendment's legislative history supports that view. At the House Judiciary Committee's hearing on the 2006 amendment, the bill's sponsor "stated this issue arose because of the challenge of homeless sex offenders complying with the registration laws. It creates a way for them to stay in compliance with the law." *Ariz. H.R. Minutes of Comm. on Judiciary*, 47th Leg., 2d Regular Sess. 14 (Ariz. 2006). It would not make it easier for homeless persons to comply with the statute if it created a new requirement in addition to the notification requirement rather than replacing it.

¶15     Our interpretation is further supported by considering the constitutional ramifications of the State's view. Burbey argues that the statute is unconstitutionally vague because the obligations are unclear. "A statute is void for vagueness if it fails to give 'the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he [or she] may act accordingly.'" *State v. Wagner*, 194 Ariz. 310, 312 ¶ 11 (1999) (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972)) (alteration in original). Such laws violate due process because they fail to provide fair warning of criminal conduct and do not provide clear standards to law enforcement to avoid arbitrary or discriminatory enforcement. *State v. Western*, 168 Ariz. 169, 171 (1991); *see also* A.R.S. § 13-101(2) ("It is declared that the public policy of this state [is] . . . [t]o give fair warning of the nature of the conduct proscribed . . . ."). Courts in other states have held sexual offender registration laws void for vagueness

when they failed to provide adequate notice of the required conduct. *See People v. North*, 5 Cal. Rptr. 3d 337, 345–47 (Cal. Ct. App. 2003) (statute failed to specify what constitutes a "location"); *Santos v. State*, 668 S.E.2d 676, 678 (Ga. 2008) (statute contains "no objective standard or guidelines that would put homeless sexual offenders without a street or route address on notice of what conduct is required of them, thus leaving them to guess as to how to achieve compliance with the statute's reporting provisions").

¶16 Section 13-3822(A) on its face does not provide clear notice whether a person who moves from a registered residence to homelessness must both provide notification of the move and a new "residence" and register as a transient, or only the latter. The confusion is illustrated by the Arizona Department of Public Safety form that Burbey was required to sign upon prison release. He was required to acknowledge, among other things, two obligations that are relevant here. First, "I understand upon changing my residence . . . within the county, I am required to inform the Sheriff of the county in person within seventy-two (72) hours." Second, four provisions later, "I understand that if I do not have an address or permanent place of residence (homeless), I must register my physical location (i.e. crossroads) every 90 days with the Sheriff in whose jurisdiction I am physically present." (Emphasis in original.) A person might well not consider moving from a halfway house to homelessness "changing my residence." The transient registration obligation would thereafter clearly apply, but not necessarily the residence change requirement.

¶17 Although the statute does not provide clear notice to transient sex offenders about what is required of them, we need not hold it unconstitutional because there is a plausible way to construe it in a constitutional manner. When we can reasonably interpret a statute in a way that preserves its constitutionality, we pursue that course. *State v. Thompson*, 204 Ariz. 471, 478 ¶ 27 (2003) (stating courts have a duty to construe statutes in a way that "not only gives effect to the legislature's intent, [] but also in a way that maintains its constitutionality"). Here, it is reasonable to construe § 13-3822(A)'s residence notification and transient registration provisions as separate requirements, with only the latter applying to persons who transition from residences to homelessness, and we therefore interpret the statute in that manner. If the legislature disagrees, it can, of course, amend the statute to clearly set forth the criteria

necessary for registration when a person becomes transient.

**¶18** As Burbey was convicted of failing to notify the sheriff of a new residence, which is not required of transient sex offenders, the conviction cannot be sustained.

### III.    CONCLUSION

**¶19** For the foregoing reasons, we vacate the court of appeals' opinion and reverse Burbey's conviction and resulting sentence.